## LADY BRYAN GOLD AND SILVER MINING COMPANY, APPELLANTS, *v.* LADY BRYAN MINING COMPANY *et als.*, RESPONDENTS.

No INJUNCTION ON COMPLAINT ALONE WHEN FULLY DENIED BY ANSWER. As a general rule, an injunction will not be granted upon a pleading alone, whose material averments are denied by the pleading of the opposite party.

PRACTICE AS TO INJUNCTIONS. Under Section 111 of the Practice Act, as amended in 1864, (Statutes of 1864, 75) an injunction can only be granted after notice, or after an order to show cause; and an order refusing an injunction will not be disturbed on appeal, if the record does not show such notice or order to show cause.

APPELLANT MUST SHOW ERROR AFFIRMATIVELY. An appellant, to entitle himself to a reversal of the order or judgment complained of, must make such an affirmative showing as will negative at least the probability of the correctness of such order or judgment.

PRACTICE AS TO RESTRAINING ORDERS.  Under Section 111 of the Practice Act, as amended in 1864, a temporary restraining order, to continue during the pendency of the application for an injunction, may be granted without notice or order to show cause; but it seems that an appeal is authorized only from an order granting or refusing an injunction properly so called.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action brought against the Lady Bryan Mining Company, A. W. Baldwin, John Rule, and William T. O'Neale, for the possession of certain mining grounds in the Flowery Mining District in Storey County, and for an injunction to restrain the defendant from working or interfering with the same.

*Quint and Hardy*, for Appellant.

*Mesick and Seely*, for Respondents.

By the Court, LEWIS, C. J.

This is an appeal from an order refusing an injunction.  The record presented to us is made up of the summons, complaint, answer, order denying the injunction, and the notice of appeal, and upon it only one question is submitted for determination, that is, Whether the Court below erred in refusing the injunction upon the bill and answer ?  We conclude unhesitatingly that it did not.  The complaint probably makes out a case entitling the plaintiff to the issuance of the writ, but all its material allegations are denied by the sworn answer of the defendants.  Such being the case the writ was properly refused, for as a general rule it is not granted upon a pleading alone, whose material averments are denied by the pleading of the opposite party.  (Hilliard on Injunction, Sec. 37 ; *Gardner* v. *Perkins*, 9 Cal. 553.)  There are exceptions to this rule, it is true, but no special reason is given or appears why an exception should be made in this case.

There is also another reason why this order appealed from should not be reversed.  Section 6, page 75, Laws of 1864, declares that no injunction shall be granted unless after notice, or after an order to show cause.  The record in this case does not show that this

requirement of the law was complied with by the appellant, nor does it appear that it was not because of a failure in that respect that the writ was refused. If the notice was not given, and no order to show cause had been made, the Court could not properly have granted the relief sought. As it is not shown that either was done, the order denying the injunction cannot be disturbed, for it may have been upon that ground alone that it was refused. To entitle himself to a reversal of an order or judgment of a lower Court, the appellant must always make such an affirmative showing in the appellate Court as will negative at least the probability of the correctness of such order or judgment, for that presumption is in favor of its regularity.

The section of the Act already referred to authorizes the issuance of what is called a temporary restraining order, to continue during the pendency of the application for the injunction, without previous notice, or an order to show cause, but it is only from the order refusing or granting the latter that an appeal seems to be authorized. Such is the character of the order appealed from in this case, hence the notice or order to show cause should necessarily have preceded the granting of the writ.

The order must be affirmed.

WHITMAN, J., did not participate in the foregoing decision.