[No. 1228.]

WILLIAM THOMPSON, RESPONDENT, *v.* RENO SAVINGS BANK AND M. C. LAKE, DEFENDANTS. THE CENTRAL PACIFIC RAILROAD CO., APPELLANT.

APPEAL — AUTHENTICATION OF PAPERS — CERTIFICATE OF CLERK. — In the authentication of papers to be used upon appeal, the policy of the statute is to restrict the authority of the clerk to the record of the case.

IDEM — PRESUMPTION — EVIDENCE. — When the motion upon which an order was passed was one that could be made or opposed on other evidence than the records of the case, the fact cannot be established by the certificate of the clerk, and it must be presumed, in the absence of an affirmative showing to the contrary, that evidence necessary to support the order was introduced at the hearing.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

*I. B. Marshall*, for Appellant:

*M. N. Stone*, for Respondent:

By the Court, BELKNAP, C. J.:

This appeal is from an order similar to that appealed from in *Thompson* v. *Huffaker, ante.* The transcript contains the judgment roll in *Thompson* v. *Reno Sav. Bank and M. C. Lake*, the judgment roll, writ of execution, and sheriff's return thereof in the case of *Central Pac. R. Co.* v. *Reno Sav. Bank*, also a verified petition of appellant, and notice of motion, and proof of service thereof. Accompanying these papers is the certificate of the clerk stating that they are correct copies of the originals used at the hearing of the motion. The certificate further states that these papers constitute the only evidence used at the hearing. In this latter respect the certificate must be disregarded. In the authentication of papers to be used upon appeal, the policy of the statute is to restrict the authority of the clerk to the record of the case. He may, under section 1401, Comp. Laws, certify such records as may be necessary for an appellant to furnish this court; but if matters not of record in the case are to be reviewed, the statute provides for a statement specifically setting forth the particular errors upon which the appellant intends to rely upon the appeal. Both parties may take part in the preparation of this statement, and the district judge may amend it to conform with the truth. Section 1398, Comp. Laws, dispenses with a statement when an appeal is taken from an order made upon affidavits alone, and section 1401 makes it the duty of the clerk, upon an appeal from an order, to certify the papers used at the hearing of the motion. These provisions are relied upon to sustain the course

pursued; but neither of them can avail appellant. Its motion was one which could have been made or opposed on other evidence than the records of the case, and the fact cannot be established by the certificate of the clerk. Every presumption consistent with the record must be indulged in favor of the order of the court. We must presume, in the absence of an affirmative showing to the contrary, that evidence necessary to support the order was introduced at the hearing. Order affirmed.