[No. 2000]

GEORGE JONES, RESPONDENT, *v.* THE WEST END CONSOLIDATED MINING COMPANY (A CORPORATION), APPELLANT.

1. PLEADING—COMPLAINT—WAIVER OF OBJECTIONS.
    A defendant by filing an answer to a complaint within the time allowed by order of court waived all the grounds of the demurrer, except that it did not state facts sufficient to constitute a cause of action.

2. MASTER AND SERVANT—MACHINERY AND APPLIANCES—DUTY OF MASTER.
    A mining company must exercise reasonable care in providing an employee with reasonably safe appliances and machinery for his work.

3. MASTER AND SERVANT — INJURY — CONTRIBUTORY NEGLIGENCE — SUFFICIENCY OF EVIDENCE.
    Evidence in an action against a mining company for an injury to an employee, caused by the falling of the hoist bucket on which he was mounted, *held* to warrant a finding that the employee was not guilty of contributory negligence.

4. APPEAL AND ERROR—REVIEW—FINDING.
    The weight of the evidence and the credibility of witnesses is within the exclusive province of the trial court, and this court will not disturb a judgment unless it can be said, as a matter of law, that there is no substantial evidence in support of it.

5. MASTER AND SERVANT—ASSUMPTION OF RISK—DEFECTIVE APPLI-
ANCES.

A miner assumes all the ordinary risks incident to his
employment; but he does not assume any risks from danger
resulting from defective hoisting machinery, over which he had
no control, and of which he was ignorant.

APPEAL from the Fifth Judicial District Court, Nye
County; *Mark R. Averill,* Judge.

Action for damages for personal injuries by George
Jones against West End Consolidated Mining Company.
From a judgment in favor of plaintiff, defendant appeals.
**Affirmed.**

The facts sufficiently appear in the opinion.

*J. H. Morris,* for Appellant.

*V. S. Thomas,* for Respondent.

By the Court, NORCROSS, J.:

This is an action for damages for personal injuries
sustained by respondent while working as a miner and
machine man in appellant's mine in Tonopah. From a
judgment in favor of plaintiff for the sum of $1,166 and
costs, and from an order denying a motion for new trial,
defendant appeals.

The case was tried before the court without a jury.
The complaint alleged "that, while plaintiff was employed
at the place and at the work to which he had been directed
by the defendant, he was, without fault upon his part,
precipitated by the falling of the hoist bucket, on which
he had mounted from the 400-foot station of the mine
shaft to the bottom thereof," causing the injuries for
which judgment was demanded.

The sixth paragraph of plaintiff's complaint reads as
follows:

"That defendant failed in its duty to the plaintiff, its
employee, in the following respects, to wit:

" (a) In not providing and maintaining safe equipment,
machinery, and appliances; but, on the contrary, furnish-
ing and maintaining equipment, machinery, appliances
(to wit, the engine and hoisting apparatus employed

in the sinking of the shaft from the 400 level) that were improper, unsuitable, defective, and dangerous, as defendant knew and had full opportunity and reason to know.

" (b) In not warning plaintiff of the aforesaid dangers.

" (c) In not interposing to prevent plaintiff from getting onto the bucket, when defendant knew that he was about to do so and that it was dangerous so to do, as the engine would not hold under the circumstances then existing; the defendant being aware thereof and having full opportunity so to interpose.

" (d) In not providing employees in sufficient numbers for safety.

" (e) In allowing and directing the engineer of the aforesaid engine to leave his post thereat at a time when the hoisting apparatus was likely to be used and when only the muscular strength of the engineer could prevent the engine from letting the bucket fall, if any weight were put upon it.

" (f) In leaving said engine unattended at the time and under the circumstances previously mentioned.

" (g) In negligently employing and retaining negligent employees, knowing or having reason to know them to be such—reference being had to the engineer in charge of the aforesaid engine and to one Richie, the foreman or underground superintendent, having full charge and control of the machinery and of the men and place and work at said 400 station and said shaft and the sinking thereof.

" (h) In permitting and directing, through the said Richie, acting in the line of his duty and giving said permission and order within the scope of his authority, the plaintiff to mount the bucket (for the purpose of being lowered thereon) at a time and under circumstances when it was dangerous so to do, as defendant knew and had opportunity and reason to know; the plaintiff having acted under said permission and order. In all the aforesaid respects defendant was grossly, recklessly and wilfully negligent, and thereby naturally, directly and proximately caused the injuries and damages complained

of; the plaintiff having mounted the bucket (the falling of which, owing to the yielding of the engine, precipitated him some fifty feet down the shaft), without fault or negligence upon his part, in the proper discharge of his duties, for the purpose of being lowered into the shaft, for which purpose, *inter alia,* said bucket, engine and hoisting apparatus was provided, and not knowing or having reason to know of any danger."

1. Counsel for appellant assigns error in the overruling of defendant's demurrer. The demurrer was based upon several grounds, one of which was that the complaint failed to state facts constituting a cause of action. By filing an answer to the complaint within the time allowed by order of court, defendant waived any objections to the complaint, excepting the ground assigned that it failed to state facts sufficient to constitute a cause of action.

2. We think it cannot be said that the complaint fails to state a cause of action. It was the duty of the defendant to exercise reasonable care in providing plaintiff with reasonably safe appliances and machinery for his work. The complaint sets up a breach of this duty upon the part of defendant and consequent injuries therefrom. While the complaint may not be a model of excellence in pleading, it does allege facts sufficient to constitute a cause of action.

In addition to denials of a number of allegations in plaintiff's complaint, defendant sets up as a defense contributory negligence upon the part of the plaintiff.

3. The main question argued by counsel for appellant is as to the sufficiency of the evidence to support the judgment in view of the defense of contributory negligence.

The evidence shows that the appellant company was operating its mine to the 400-foot level by a hoisting engine upon the surface. The company, having determined to extend the shaft to the 500-foot level, first used a windlass in sinking, but subsequently lowered to a station on the 400-foot level a small engine, previously used upon the surface for hoisting ore from the dump into ore bins. This small hoist was lowered some one or two days

after respondent entered the employ of the appellant company, and was not in shape for use for some ten or twelve days later. The hoist had been in actual use some four or five days when the accident occurred. The hoist was provided with a friction brake, but there was no ratchet attached which would hold the brake, and it could only be held when the engineer was at his place and his hand on the lever. The ratchet had been previously ordered, but owing to some defect therein had not been installed prior to the accident. The appellant company had imposed an additional duty upon the man in charge of the hoist of caging cars from the 400-foot level, which latter duty required his leaving his post at the small hoisting engine.

The injuries to respondent were occasioned by his stepping upon the bucket at a time when the engineer was absent from the hoist engaged in performing his other duties. Evidence was introduced upon the part of respondent that he was not aware of the defective condition of the hoist, nor that the engineer, by reason of other duties, was not at all times in actual control of the hoist, and that he had never been warned not to step upon the bucket without first ascertaining that the engineer was at his place and in control of the engine. Upon the part of the appellant evidence was introduced tending to establish knowledge upon the part of respondent of the defective condition of the engine, and that he had been particularly instructed not to step upon the bucket for the purpose of being lowered down the shaft without first seeing that the engineer was at his place. It was also shown upon the part of appellant that immediately following the accident the respondent had made statements to the effect that it was his own fault that the accident occurred. It was also shown that the appellant company had provided a ladder down the shaft which could have been used by respondent.

Concerning these portions of the evidence, the trial judge in his opinion says: "The first and most serious of these to the contentions of the plaintiff, in my opinion,

is the alleged admission by Jones of his own carelessness. That he said something to this effect is undisputed even by himself; he simply says that he has no recollection of it or any distinct recollection of anything else during a certain period just after his fall. That his remark was within the period of shock is admitted; this period having had a duration of about twenty-four hours. I take the same view of it as one of the physicians—that it meant nothing. It was the irrational talk of a man in a semiconscious condition, in agony, depending for help upon those about him. That it meant nothing is demonstrated by its very untruth; there was no carelessness on his part, except perhaps his choice of ways of reaching the lash rope, and it may have been this that was uppermost in a mind seriously impaired temporarily by shock and pain. And this is one of the defenses— improper choice of ways or means—that he should have chosen the safer method; that is, as contended by the company, by climbing down the ladder to get the lash rope. I give this suggestion little consideration for the reason that I think the way was designated by the company, when the underground superintendent told the engineer to go to his engine and let Jones down. But even if it had not been, the evidence does not indicate that the ladder was the safer way. A man on a vertical ladder in a shaft has but one arm free, while on a bucket he can easily use both without danger by keeping the rope between them and close to his body. The untying of a lash rope may well require both hands. If the air line was in danger of being struck by the bucket, for which reason it was tied close to the wall with the lash rope, a man on a ladder was in just as much danger of being struck, and there was nothing certain about the bucket remaining in its place even by itself. If Jones knew the brake could not be set and held except by the engineer, he was not called upon to go under a bucket hanging loose in the shaft. The ladders were there for emergency, not for ordinarily going up and down the shaft in the course of a miner's duty. The evidence

shows that they were for emergency and auxiliary to the hoist, and for those purposes only. The use of the bucket was the usual and ordinary method of going up and down, and Jones had a right to use it for that purpose in preference to the ladder."

4. While it may be conceded that the appellant made a strong showing in support of its allegation of contributory negligence, the evidence upon this question was conflicting. It has been too frequently decided that the determination of the weight of the evidence and the credibility of the witnesses is within the exclusive province of the trial court. This court cannot disturb the judgment unless we can say, as a matter of law, that there is not substantial evidence to support it. This, we think, cannot be said.

5. Counsel for appellant further contends that the respondent is not entitled to recover under the doctrine of assumption of risk. Under the findings in this case, we think this contention without merit. Underground mining is a hazardous occupation, and we may concede, for the purpose of this case, that the miner assumes the ordinary risks incident to the character of his employment; but we are not willing to subscribe to the doctrine that he assumes risks from danger resulting from the operation of hoisting machinery, over which he has no control, known by the master to be defective, and of which defects he is ignorant, as we must assume him to have been under the findings.

Judgment affirmed.