# WATER CO. *v.* BELMONT DEV. CO.

### No. 2714

January 5, 1926. 241 P. 1079.

## ON MOTION TO STRIKE

1. EXCEPTIONS, BILL OF—SETTLEMENT OF PROPOSED AMENDMENT TO BILL OF EXCEPTIONS NOT AUTHORIZED AFTER TIME HAS EXPIRED. NOR CAN IT BE ALLOWED AS AMENDMENT TO TRANSCRIPT, WHERE IT CORRECTS NO ERROR IN TRANSCRIPT.

   A proposed amendment to bill of exceptions, containing principally proceedings on motion for new trial, cannot be settled and allowed as a bill of exceptions under Stats. 1923, c. 97. secs. 1, 5, after time for such settlement has expired, nor can it be allowed as an amendment to the transcript of testimony filed in lieu of bill of exceptions, where matter contained therein would not correct any error in transcript.

2. APPEAL AND ERROR—PROCEEDINGS REGARDING MOTIONS FOR NEW TRIAL HAVE NO PLACE IN TRANSCRIPT.

   Proceedings regarding motions for new trial held long after trial, and after transcript had been made and certified by reporter, are not part of transcript, and hence cannot be held to have been erroneously omitted therefrom; court reporters, under Stats. 1920–1921, c. 57, being under no duty to transcribe instructions given and refused and proceedings on motions for new trial in a civil action.

3. EXCEPTIONS, BILL OF—ORDER GRANTING LEAVE TO AMEND BILL OF EXCEPTIONS HELD NOT TO EXTEND TIME FOR FILING AMENDMENT OR ADDITION TO BILL.

   Order of court granting leave to amend bill of exceptions does not operate as an extension of time in which to serve and file an amendment or addition to the bill of exceptions, where order was made after time for filing bill of exceptions had expired, under Stats. 1923, c. 97, sec. 1.

4. EXCEPTIONS, BILL OF—NO EXTENSION OF TIME NECESSARY FOR CORRECTION OF ERROR IN TRANSCRIPT.

   Under Stats. 1923, c. 97, sec. 1, no extension of time is necessary for correction of an error in transcript, which may be ordered at any time by trial court on motion duly noticed, while matter is under its control.

5. APPEAL AND ERROR—CERTIFICATION OF AMENDMENT TO BILL OF EXCEPTIONS, NOT FILED IN TIME, AND CONTAINING MATTER NOT PROPERLY PART OF TRANSCRIPT, WILL NOT BE ORDERED.

   Under Stats. 1923, c. 97, secs. 1, 5, supreme court is not authorized to order trial court to certify proposed amendment to bill of exceptions which was filed after time for filing bill of exceptions had expired, and which contained proceedings on motion for new trial not properly part of transcript.

6. APPEAL AND ERROR—AMENDMENT TO BILL OF EXCEPTIONS NOT CONSIDERED PART OF RECORD WITHOUT CERTIFICATION.

   Proposed amendment to bill of exceptions cannot be considered as part of record on appeal without a certificate by trial court, required by Stats. 1923, c. 97, sec. 5.

7. APPEAL AND ERROR—AMENDMENT TO BILL OF EXCEPTIONS CONTAINING PROCEEDINGS ON MOTION FOR NEW TRIAL CANNOT BE CONSIDERED AS CORRECTION OF RECORD ON APPEAL.

Where record on appeal is complete, proposed amendment to bill of exceptions containing proceedings on motion for new trial cannot be considered as a correction of record on appeal, since supreme court is not empowered under Stats. 1923, c. 97, sec. 5, to add or detract from record; purpose of sec. 5 being mandatory.

8. EXCEPTIONS, BILL OF—ADMISSION OF SERVICE ON AMENDMENT TO BILL OF EXCEPTIONS HELD NOT TO OPERATE AS A WAIVER OF DELAY IN FILING IT.

Where proposed amendment to bill of exceptions constituting in reality an addition to bill was served after time for filing bill of exceptions had expired, so that trial court was without jurisdiction to allow it, admission of service thereon without reserving objections did not operate as a waiver of delay in serving and filing it.

9. APPEAL AND ERROR—ACT COMPLETELY REVISING PREVIOUS ENACTMENT HELD TO REPEAL IT.

Stats. 1915, c. 142, secs. 11, 12, prescribing contents of record on appeal, constituting a complete revision of civil practice act, sec. 414, in some respects conflicting therewith, in effect repeals sec. 414, though such section is not one of the sections expressly repealed by Stats. 1915, sec. 15.

10. APPEAL AND ERROR—ORDER DENYING MOTION FOR NEW TRIAL NOT STRICKEN, THOUGH CONTAINED IN IMPROPER AMENDMENT TO BILL OF EXCEPTIONS.

Though proposed amendment to bill of exceptions cannot be considered on appeal, a copy of an order denying motion for new trial contained therein should not be stricken, since such order is properly a part of record on appeal by virtue of Stats. 1915, c. 142, sec. 11.

See 4 C. J. sec. 1698, p. 95, n. 71; sec. 1880, p. 269, n. 13; sec. 1882, p. 271, n. 32; sec. 1892, p. 282, n. 16; sec. 2130, p. 426, n. 89; sec. 2239, p. 492, n. 68; sec. 2241, p. 494, n. 79; 36 Cyc. p. 1079, n. 46.

APPEAL from Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action by the Water Company of Tonopah against the Tonopah Belmont Development Company. Judgment for plaintiff, and defendant appeals. On respondent's motion to strike a purported amendment to appellant's bill of exceptions. **Motion denied in part, and granted in part.**

*Forman & Forman,* for Movant:

Rev. Laws 5366 was repealed in toto by Stats. 1915,

c. 142, which was amended by Stats. 1923, c. 97. By latter act legislature intended to simplify practice and make bill of exceptions only method, as held by unbroken line of decisions to effect that when appeal is from order overruling motion for new trial and there is no bill of exceptions or statement on appeal there is nothing to review. Some kind of settlement of disputed questions must be presented, and opposing party must have chance to amend. Ward v. Silver Peak, 39 Nev. 90; State v. Eberhart Co., 6 Nev. 186.

Practice act of 1911, as amended by Stats. 1915 and 1923, did away with statements on appeal. Ward v. Silver Peak, supra. This left only two methods, and 5356 was not alternative method from order overruling motion for new trial. This court held in Mexican etc. Co. v. Schultz, 45 Nev. 260, that prior to supplementary act of 1915 and subsequent to act of 1911 it has held adversely to contention that no statement or bill was required for lower court to decide motion for new trial, and if appellant had furnished certified copies of papers used, appeal from order must be considered on merits.

Even if court holds 5356 is not repealed, motion should be granted as papers sought to be stricken have no place in record because only motion for new trial and memorandum of errors were presented to court.

Act of 1915 repealed all provisions of law in conflict therewith.

*Brown & Rowson,* for Appellants (Respondents herein) :

Practice act of 1911 covered whole field of civil practice except proceedings in probate, etc. Act of 1915 amended act of 1911 in certain limited particulars—only nine of the thirty-nine sections relating to appeals were repealed. If it intended to repeal Rev. Laws 5356 it would have said so. Sole object of section 11 of act of 1915 was to repeal section 396 of act of 1911, which calls for bill of exceptions and order, while former calls for statement, or bill of exceptions, order, affidavit, pleadings used, all other papers on motion, written

opinion on motion and notice of appeal, and provides if they are not furnished appeal must be dismissed. There must be positive repugnancy to effect repeal by implication. 52 R. C. L. 921.

Rev. Laws, 5356, is not repealed by Stats. 1923, c. 97, but is in full force. Raine v. Ennor, 39 Nev. 72. It provides alternative method with latter statute.

Judge's certificate to his own order giving leave to amend is mere surplusage. Clerk certifies documents. Statute does not say amendment must be certified.

Right to object is waived by admitting service. Delay may be waived. Jurisdiction does not depend on prompt service of bill of exceptions. Mellan v. Messenger, 48 Nev. 235.

## OPINION

By the Court, DUCKER, J.:

This is a motion on the part of respondent to strike what purports to be an amendment to the bill of exceptions. The document attacked was filed together with a transcript of testimony and proceedings and the judgment roll on August 4, 1925, and contains the following papers: Charge to jury; refused instructions; notice of intention to move for a new trial; affidavit in support of motion for a new trial; memorandum of errors in motion for a new trial; ruling on motion for a new trial; order denying motion for a new trial and refusing to grant new trial; motion to amend transcript proceedings; certificate of clerk; stipulation of counsel; certificate of clerk as to no objection; admission by counsel of service. The motion is made upon the following grounds: (1) That the amendment to bill of exceptions is not certified in any manner as required by law; (2) that it was not served or filed within the time within which a bill of exceptions may by law be served and filed; (3) that it is not an amendment of the original bill of exceptions filed in said cause, and the certificate to original bill of exceptions does not purport to cover the matter contained in said amendment; (4) that the filing of said amendment did not correct any error in

the original bill of exceptions, but relates only to matters not included therein and matters subsequent to the certification of the said original bill of exceptions.

In opposition to the motion to strike, counsel for appellant filed his affidavit, showing, among other matters, that a motion for a new trial was made and the motion denied May 8, 1925; that on May 25, 1925, appellant served and filed in the trial court the bill of exceptions comprising a transcript of the testimony and proceedings given and had at the trial of the case, duly certified by the court reporter; that on June 15, 1925, appellant served and filed in the trial court a motion and notice of motion to amend said bill of exceptions in certain particulars therein specified; that on July 1, 1925, the trial court made and filed an order granting leave to amend; that on July 2, 1925, appellant served and filed in the trial court the proposed amendment to the bill of exceptions duly certified by the clerk of the court, and on July 7, 1925, appellant served and filed in the trial court its notice of appeal and undertaking on appeal, and for stay of proceedings. The affidavit further shows that on July 9, 1925, counsel for appellant presented to the trial judge a certificate to be attached to said amendment to bill of exceptions in the form prescribed by the statute for certifying to bills of exceptions, and requested the said judge to sign said certificate, which the judge refused to sign; that thereafter, on July 20, 1925, counsel for appellant requested said judge to sign a certificate, which was in the following form, to wit:

"Judge's Certificate to Amendments to Bill of Exceptions.

"I, Frank T. Dunn, judge of the district court of the Fifth judicial district of the State of Nevada, in and for the county of Nye, do hereby certify that the above and foregoing amendments to the bill of exceptions or transcript of proceedings herein, consisting of the various documents mentioned in the index preceding page 1 hereof, be and the same are hereby settled and

allowed as amendments to said bill of exceptions or transcript of proceedings, and I further certify that said amendments are correct, and, conjunctively with said transcript of proceedings filed herein on the 25th day of May, 1925, contain the substance of the proceedings relating to the point or points involved, and fully and accurately state the proceedings under consideration. Done this 20th day of July, 1925, nunc pro tunc as of July 9, 1925."

—and that the said judge declined to sign the same, stating that he had no power to extend time for that purpose; that thereafter, on diverse dates to and including July 29, 1925, counsel for appellant requested said judge to sign said certificate and also a certificate to the record on appeal, which the trial judge declined to do.

The transcript of the testimony and proceedings certified by the court reporter, the judgment roll certified by the clerk, and the proposed amendment to the bill of exceptions, also certified by the clerk, are marked, respectively, volumes 1, 2, and 3.

Counsel for appellant contends that it was the duty of the judge of the lower court to certify as requested, and that this court is authorized to compel him to do so, or may consider volume 2 a proper amendment without such certification. These contentions are based on sections 1 and 5 of an act regulating proceedings on motions for new trials and on appeals in civil actions, found on pages 163 and 164 of the Statutes of 1923, and which read:

"Section 1. At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a

certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding. A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

"Sec. 5. If at any time before final judgment of the supreme court it shall be made to appear to the court that the record on appeal does not accurately or fully state the proceedings under consideration before the court, the court may take such steps and issue such orders, including orders to the lower court or the clerk thereof, for the certification to the supreme court of additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal."

1, 2. As to the contention that it was the duty of the trial judge to certify to volume 2, the appellant is clearly in error. The trial judge had no power to settle and allow it as a bill of exceptions, for the time for such settlement had expired. He could not settle and allow it as an amendment to the transcript of the testimony and proceedings filed in lieu of the bill of exceptions, and which under the statute constitutes the bill of exceptions in this case, for the reason that the matter contained in it would not correct any error in the transcript. The correction by appropriate amendment of error in a transcript which has become the bill of exceptions is the sole office of the proviso. Under its terms such an amendment may be made at any time. The proceedings in regard to the motion for a new trial had properly no place in the transcript, and cannot therefore be held to have been erroneously omitted.

These proceedings were had long after the trial and after the transcript had been made and certified by the reporter. By the terms of section 1 of an act providing for the appointment of court reporters in district courts, found in the statutes of 1920–1921, at page 96, the duties of such a reporter are defined:

"  *   *   *   Such reporter, or any of one of them, where there are two or more, must, at the request of either party, or of the court in a civil action or proceeding, and on the order of the court, the district attorney or the attorney for the defendant in a criminal action or proceeding, take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraignments, pleas and sentences of defendants in criminal cases, and all statements and remarks made by the district attorney or judge, and all oral instructions given by the judge; and if directed by the court, or requested by either party, must, within such reasonable time after the trial of such case as may be designated by law, or, in the absence of any law relating thereto, by the court, write out the same, or such specific portions thereof as may be requested, in plain and legible longhand, or by typewriter or other printing machine, and certify to the same as being correctly reported, and transcribed, and, when directed by the law or court, file the same with the clerk of the court."

It is thus seen that it is no part of the duty of a court reporter to take down in shorthand or otherwise report and transcribe and certify the instructions given and refused and the proceedings on motions for a new trial in a civil action.

3, 4. Appellant contends that the order of the court granting leave to amend, made on July 1, 1925, operated as an extension of time in which to serve and file an amendment to the bill of exceptions. As previously pointed out, no extension of time is necessary for the correction of an error in a transcript. It may be ordered at any time by the trial court on motion duly noticed while the matter is under its control. If it be meant that

volume 2 should be considered as a bill of exceptions separate from the transcript of the testimony and proceedings, and that the order for the amendment operated as an extension of time in which to serve and file such additional bill of exceptions, then we say that the order could not possibly have such effect, for the reason alone that it was made after the time ·had expired for serving and filing such bill of exceptions. Under the provisions of the statute heretofore quoted, this must be done not later than 20 days after final judgment, or within 20 days after a motion for a new trial has been decided. The motion for a new trial was denied in this case on May 8, 1925, and the order for leave to amend was not made until June 15, 1925, which was 38 days after the new trial had been denied.

5-7. For the reasons already given, the court is not authorized to order the lower court to sign a certificate, nor can it consider volume 2 as a part of the record on appeal without such certificate under the provisions of section 5 of the statute, as claimed by appellant. The argument in this respect is that, as this section empowers this court, when the record on appeal does not accurately or fully state the proceedings under consideration, to order the lower court or clerk to certify to this court such additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal, and that, as volume 2 is already certified by the clerk, this court may dispense with an order for that purpose, and should consider volume 2 as a correction or completion of the record on appeal. Without deciding whether in a proper case this could be done, it is sufficient to say that volume 2 can in no sense be considered as a correction of the record on appeal. The record on appeal in this case, as made in the lower court, is complete. It fully and accurately states the proceedings under consideration before this court. This court is not empowered under section 5, or any other section of the act, to add to or detract from it. The obvious purpose of section 5 is amendatory, and

to that end should be liberally construed. It does not, however, contemplate the making of a new record or the bringing up of matters not properly a part of the record on appeal in the first instance.

8. Appellant contends that respondent, by admitting service of the proposed amendment without reserving any right to object, and without making any objections to it as shown by the clerk's certificate to volume 2, waived any delay to the serving or filing of it. Considered as an amendment to the original bill of exceptions, there was no delay to waive. But it was not an amendment, and the failure to object to it certainly could not under any stretch of liberality make it an amendment. Considered as an additional bill of exceptions, the time for filing and serving it, as we have previously stated, had expired, and the lower court was therefore without jurisdiction to settle and allow it. For that reason alone the acknowledgment of service without reserving objections could not operate as a waiver of the delay in serving and filing it.

9. It is contended, that, if volume 2 is not properly an amendment to the bill of exceptions, it nevertheless constitutes a part of the record on appeal by virtue of section 414 of the civil practice act. This section reads:

"On an appeal from a final judgment, the appellant shall furnish the court with a transcript of the notice of appeal, and the statement, if there be one, certified by the respective attorneys of the parties to the appeal, or by the clerk of the court. On an appeal from an order, the appellant shall furnish the court with a copy of the notice of appeal, the order appealed from, and a copy of the papers used on the hearing in the court below, and a statement if there be one, such copies to be certified in like manner to be correct. If any written opinion be placed on file in rendering judgment or making the order in the court below, a copy shall be furnished, certified in like manner. If the appellant fails to furnish the requisite papers, the appeal may be dismissed." Rev. Laws, sec. 5356.

We are satisfied that section 414 is repealed by sections 11 and 12 of the act of 1915. Section 11 provides as follows:

"Sec. 11. The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment; if the appeal be from an order, such original bill shall be annexed to such order, and the same shall be and become the record on appeal when filed in the supreme court. A party may appeal from the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll." Stats. 1915, p. 166.

By section 15 of this act certain specific sections of the practice act of 1911 and all provisions of law in conflict with the act of 1915 are repealed.

Section 414 is not one of the sections expressly repealed, but it will be seen in comparison with section 15 that the latter section is not only a complete revision of the former section, but is in conflict with it in some respects. For instance, by section 414, on appeal from a final judgment, a transcript of the notice of appeal is required, whereas by section 11 the original notice of appeal and the undertaking on appeal is required. A record on appeal from a final judgment, furnished in compliance with section 414, would be insufficient when measured with the requirements of section 11. Again, section 11, after declaring what shall be annexed to a copy of the judgment roll or the order appealed from, states that the same shall become the record on appeal when filed in the supreme court. This language excludes all papers which, by the provisions of section 414, when properly certified, together with the order appealed from, became a part of the record on appeal from an order. Force is given to this conclusion by the language of section 12 of the act of 1915, which reads:

"The provisions of the last preceding section shall not apply to appeals taken from an order made upon affidavits, but certified copy of such affidavits and counter

affidavits, if any, shall be annexed to the order in place of the bill of exceptions mentioned in the last section."

In other words, when the papers used in the hearing consist of affidavits, they need not be incorporated in a bill of exceptions, as they otherwise would. The sections we have referred to in the act of 1915 constitute a revision of the subject matter of section 414, and are manifestly intended as a substitute for it. Under such circumstances a repeal is effected. Gill v. Goldfield Con. Min. Co., 43 Nev. 1, 176 P. 784, 184 P. 309, and cases cited.

10. But it does not follow from what we have said that the whole of volume 2 should be stricken. Among the papers contained in it, certified by the clerk to be true and correct copies, is a copy of the order denying the motion for a new trial. This we think, should not be stricken. The order is properly a part of the record on appeal by virtue of section 11 of the act of 1915.

The motion as to this order is denied, and granted as to all other papers contained in volume 2.

It is so ordered.