## NEVADA FIRST NATIONAL BANK OF TONOPAH *v.* LAMB

No. 2816

November 15, 1928.                                    271 P. 693.

*Cooke, Stoddard & Hatton,* for Movants:

*James T. Boyd* and *John F. Kunz,* for Appellant:

## OPINION

*Per Curiam:*

This case is now before the court on respondent's motion to strike the so-called record on appeal. The motion is based upon the ground that there is no bill of exceptions in the so-called record embracing the matters presented to the court below, and its ruling; hence there is nothing that this court can consider.

The facts, so far as material, are these: In 1919 the plaintiff brought suit against the defendant upon two certain promissory notes to recover the sum of $2,993.63, interest, attorney's fees, and costs, in the district court of Nye County. An order of service by publication of summons was made upon affidavit duly filed. Thereafter personal service was had upon the defendant in New York City, and certain money on deposit was attached. The defendant having failed to appear within

the time designated, judgment was rendered against him in the amount attached, wherein the court ordered:

"And it is further ordered and adjudged that this judgment be entered without prejudice, and expressly saving and reserving any and all rights of plaintiff to further proceed against said defendant for the enforcement of payment of any balance claimed to be due by plaintiff from said defendant."

Thereafter, and on November 21, 1921, a stipulation between the parties, signed by the defendant personally, was filed in the case, wherein it was agreed that certain money had been attached in said action and stipulating that the money so attached be applied to the payment of certain claims against the money so attached by various persons. It was further stipulated that plaintiff should defer further proceedings in the action for the period of three months.

On August 3, 1922, the court, after reciting the stipulation above mentioned as an appearance by the defendant and other matters, entered judgment in favor of the plaintiff and against the defendant for the balance alleged to be due the plaintiff.

On December 6, 1927, the defendant appeared by counsel, after due notice to the plaintiff, and moved to set aside said last-named judgment, on the ground that the court was without jurisdiction to make it. Thereafter, and on December 19, 1927, the court entered an order denying the motion. It is from this order that the appeal is taken.

The so-called "Record on Appeal" contains a copy of the complaint, summons, affidavit for publication of summons, order of publication, and other proceedings, including the notice of motion to set aside the judgment of August 3, 1922, and the order denying the same, stipulated to by counsel as being "true and correct copies of the said papers on file now in the office of the clerk" of the court in which the proceedings were had. It is further agreed that the stipulation is without prejudice to any objection plaintiff may make as to the sufficiency of said record to entitle this court to consider

it, and is made in lieu of having the clerk of the court certify that the documents therein contained are true and correct copies of the originals on file in his office.

It is respondent's contention that the only way the order complained of, and which it is sought to reverse, can be brought to the attention of this court, is by way of a bill of exceptions, since it is not part of a judgment roll or of the record in the proceedings, and, since there is no bill of exceptions, the appeal must be dismissed. On the other hand, appellant contends that, pursuant to section 5356, Rev. Laws, he can have the order complained of considered upon the so-called record before us. The section mentioned reads:

"On an appeal from a final judgment, the appellant shall furnish the court with a transcript of the notice of appeal, and the statement, if there be one, certified by the respective attorneys of the parties to the appeal, or by the clerk of the court. On an appeal from an order, the appellant shall furnish the court with a copy of the notice of appeal, the order appealed from, and a copy of the papers used on the hearing in the court below, and a statement if there be one, such copies to be certified in like manner to be correct. If any written opinion be placed on file in rendering judgment or making the order in the court below, a copy shall be furnished, certified in like manner. If the appellant fails to furnish the requisite papers, the appeal may be dismissed."

It is clear that no effort was made to obtain a bill of exceptions in this case. Counsel for appellant freely so concedes. In this situation we need only determine if the provision which we have quoted from, section 5356, Revised Laws, is in force. If it is, there is before us a proper record, and, if it is not, there is no record which we can consider, and hence the motion to strike must be sustained.

In Water Co. v. Belmont Dev. Co., 49 Nev. 172, 241 P. 1079, we held that the section mentioned was repealed, and again in Bowers v. Charleston Hill Nat. Mines Co., 50 Nev. 99, 251 P. 721, we again held that documents

such as here relied upon could not be considered as a part of a record.

In the circumstances, nothing is left to be done but to sustain the motion.

It is so ordered.