# CHESSMAN *v.* HILLHOUSE, Sheriff, Et Al.

No. 2887

September 29, 1930.                    291 P. 704.

*G. Gunzendorfer,* for Appellant:

W. M. *Kearney* and *Sidney W. Robinson,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is a suit to enjoin a sale under an execution issued against a third party who has no interest of record in the real estate sought to be sold, upon the theory that such sale would cast a cloud upon the title of plaintiff, who alleges that he is the sole owner of the property.

Upon the filing and reading of the verified complaint, the court below entered an order directing the defendant to show cause why an injunction should not issue. On the day of the hearing the court entered an order, which, omitting the formal portions thereof, reads as follows: "The court being fully advised in the premises, ordered that the relief prayed for be not granted, and that the motion for a temporary restraining order be, and the same is denied." It was from this order that an appeal was taken.

Counsel for respondents contend that the judgment must be affirmed, for the reason that the so-called record on appeal is insufficient to justify this court in reversing the judgment.

The record which was filed was prepared, as stated by counsel for appellant, pursuant to section 414 of the civil practice act, section 5356, Rev. Laws.

This court has repeatedly held that the section mentioned has been repealed and is no longer of force and effect. Some of the decisions so holding are Water Co. v. Belmont Dev. Co., 49 Nev. 172, 241 P. 1079; Nevada First Nat. Bank v. Lamb, 51 Nev. 158, 271 P. 693.

In view of the fact that the section pursuant to which the so-called transcript was prepared has been repealed, such transcript cannot be considered.

Counsel for respondents insist that the so-called record is insufficient to justify the reversal of the order, even if the section mentioned were still in force. This contention is based upon the fact that it does not appear from the certificate of the clerk that the so-called record is full and complete, as contemplated by the section.

For a full understanding of the situation on the day of the hearing, the respondents filed separate demurrers to the complaint. Counsel for appellant contends that the hearing was had upon them alone, whereas counsel for respondents contend that the matter was not considered upon the demurrers, but upon proof, and, there being no bill of exceptions in the record, the order must be affirmed. While it is immaterial, we may observe that the order does not indicate a ruling upon the demurrers.

From a reading of the section in question, if it were

still in force, it is clear that it must appear from the certificate of the clerk that all of the papers, affidavits, and evidence used upon the hearing before the lower court are in the record. There being no such showing in the certificate, the record is not such as would justify a reversal of the judgment. Lady Bryan Gold & Silver M. Co. v. Lady Bryan M. Co., 4 Nev. 414; Thompson v. Reno Sav. Bank, 19 Nev. 293, 9 P. 883.

There being no record before the court which it can consider, the judgment must be affirmed.

It is so ordered.