# PERI *v.* JEFFERS

No. 2908

October 18, 1930.

292 P. 1.

*Art E. Jeffers* and *James M. Frame,* for Appellants.

*W. M. Kearney* and *Sidney W. Robinson,* for Respondents.

## OPINION

By the Court, COLEMAN, J.:

This case is now before the court on a motion of respondent to strike from the files the bill of exceptions and transcript herein, except the judgment roll, and to dismiss the appeal.

The appellant has interposed a counter motion for a diminution of the record.

Both of respondent's motions are based upon the same grounds, which are: (1) That appellant did not, within twenty days after the entry of the order of the court denying appellant's motion for a new trial, file and serve a bill of exceptions, or a transcript in lieu thereof; (2) that the appellant did not, within the time allowed by law, file or serve any completed record on appeal; and (3) that the appeal has not been perfected in accordance with the provisions of the statute.

■ The motion to dismiss must be denied for three reasons. The appeal is from both the judgment and the order denying defendant's motion for a new trial. The motion to dismiss is too general. It does not show whether the motion goes to the appeal from the judgment or from the order, or both.

■ Upon the argument of the motion counsel for appellant objected to the second and third grounds of the motion, on the ground that they are too general and do not point out specifically the defects complained of. While we are inclined to the view that this objection is not without merit, we do not find it necessary to decide the point, for the reason that, assuming that the bill of exceptions must be stricken, the appeal on the judgment roll alone is good provided a notice of appeal and an undertaking on appeal were given.

■ While there is nothing in the record as originally

filed to indicate that an undertaking on appeal was given, on motion for a diminution of the record appellant presents an affidavit, which is undisputed, to the effect that such undertaking was given. In this situation it is our clear duty to grant the application for a diminution of the record and to deny the motion to dismiss the appeal. Orleans Hornsilver M. Co. v. Le Champ D'Or French G. M. Co., 52 Nev. 85, 280 P. 887.

■■ We think the motion to strike the bill of exceptions must be granted. The bill of exceptions shows that the case was tried on August 30, 1929, and that judgment was rendered on that day. The bill of exceptions was filed December 26, 1929. There is nothing in the bill of exceptions indicating that a motion for a new trial was ever made, considered, or acted upon. Even the transcript containing the judgment roll does not contain the order denying a motion for a new trial, nor is there anything in it indicating when, if ever, the motion for a new trial was denied. But if a copy of an order denying a motion for a new trial, and a copy of any order extending the time for the settling of a bill of exceptions were in such transcript, it would avail nothing. Neither does appellant's application for an order for a diminution of the record avail in this connection. As we have repeatedly held, nothing can be made a part of the record on appeal that is not a part of the judgment roll proper, except by being incorporated in a bill of exceptions. Water Co. v. Belmont Dev. Co., 49 Nev. 172, 241 P. 1079; Nevada First Nat. Bank v. Lamb, 51 Nev. 158, 271 P. 693; Chessman v. Hillhouse, 53 Nev. 21, 291 P. 704.

In this situation the application for an order of diminution of the record so as to bring up the order in question must be denied.

■ Since the bill of exceptions does not show that it was settled within the time provided by law, it must be stricken.

It is ordered that respondent's motion to dismiss the appeal be denied; that appellant's application for an order for a diminution of the record so as to bring up

the undertaking on appeal be granted; that appellant's application for an order for a diminution of the record so as to bring up the order extending time in which to have settled a bill of exceptions be denied; and that the motion of the respondent to strike the bill of exceptions be granted.

## ON PETITION FOR REHEARING

December 2, 1930.        293 P. 25.

## OPINION

By the Court, COLEMAN, J.:

Appellant has filed a petition for a rehearing, in which it is said that we inadvertently overlooked section 5338, Rev. Laws. We did not overlook it. It was expressly repealed fifteen years ago. Stats. 1915, c. 142, p. 166, sec. 15.

But, if the order denying appellant's motion for a new trial were properly a part of the record, it would not benefit appellant, since there is no motion for a new trial contained therein. Water Co. v. Belmont Dev. Co., 50 Nev. 24, 249 P. 565.

Petition denied.

## ON THE MERITS

April 27, 1931.        298 P. 658.

*Art E. Jeffers* and *J. M. Frame,* for Appellants:

*W. M. Kearney* and *Sidney W. Robinson,* for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

This is an action in claim and delivery. It is now before the court on the judgment roll alone; the bill of exceptions having been stricken on motion.

■ To the complaint a demurrer was filed stating several grounds therefor, which was overruled. Thereupon the defendants answered. By this answer they waived every ground of the demurrer urged save that the complaint does not state a cause of action. Lonkey v. Wells, 16 Nev. 271; Hammersmith v. Avery, 18 Nev. 225, 2 P. 55; Hardin v. Elkus, 24 Nev. 329, 53 P. 854; Jones v. West End Con. M. Co., 36 Nev. 149, 134 P. 104.

■ The material facts necessary to be alleged in the complaint are: Plaintiff's ownership, either general or special, of the property, describing it; his right to its immediate possession, and the wrongful taking and detention thereof by defendants; and a demand for possession, in certain instances. 34 Cyc. 1464.

These facts are all alleged in the complaint. The demurrer was properly overruled.

The judgment is affirmed.