## QUINN *v.* QUINN

No. 2912

October 29, 1930.                                   292 P. 620.

*Frame & Raffetto,* for Appellant.

*W. M. Kearney* and *Sidney W. Robinson,* for Respondent.

## OPINION

By the Court, SANDERS, J.:

The respondent made concurrently several motions in this case. One is to require the appellant to complete the transcript of the testimony taken in the case so as to include matter alleged not to have been embraced in the bill of exceptions, and to embody in the record all the pleadings. This motion is based upon the contention that the record on appeal does not fully or accurately state the proceedings.

Counsel also move to strike from the files the bill of exceptions on file, together with the transcript of the record on appeal and all other papers except the judgment roll, for the reason that appellant did not serve upon respondent a completed record within the time allowed by law, and for the further reason that the appeal was not perfected in accordance with the provisions of the statutes.

Counsel also move to dismiss the appeal and for an order affirming the judgment, for the reason that appellant did not, pursuant to statute, file or serve upon respondent a completed record on appeal, and for the further reason that the appeal was not perfected in accordance with the provisions of the statutes.

The purported record on appeal consists of two volumes, one containing the judgment roll and the other a purported bill of exceptions signed by the trial judge.

■ In the recent opinion of Peri v. Jeffers, 53 Nev. 49, 292 P. 1, we held that the motion to dismiss was too general. We think the same may be said of both the motion to strike and the motion to affirm the judgment in this case. The opposing party, as well as this court, is entitled to have the grounds of such motion specified.

■ Upon the argument of this matter, counsel for respondent insisted that the appeal should be dismissed because the notice of appeal and undertaking on appeal were not brought up with the record, as required by law; whereupon counsel for appellant made a motion for a diminution of the record, supported by affidavit, so as to have these documents certified up, which application should be granted.

■ The method of bringing up for review all orders, papers, and proceedings, other than those constituting the judgment roll proper, is by having them embodied in a bill of exceptions. Chessman v. Hillhouse, 53 Nev. 21, 291 P. 704. The manner of settling a bill of exceptions is pointed out in chapter 97, Stats. 1923. But, if the trial judge refuses to settle a bill of exceptions according to the facts, the aggrieved party is not without recourse. Section 5316, Rev. Laws, provides:

" * * * If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as the supreme court may prescribe, or by rules impose, and such exceptions as are allowed by said supreme court shall become a part of the record of the case."

This section was alluded to in Miller v. Miller, 36 Nev. 115, 134 P. 100.

■ It was held in State v. Warren, 18 Nev. 459, 5 P. 134, that this court is without authority to correct, add to, or amend a bill of exceptions unless authorized so to do by statute.

It is ordered that the various motions of respondent

be denied, and that the motion of appellant for a diminution of the record so as to bring up the undertaking on appeal and the notice of appeal be granted.

ON MOTION TO DISMISS THE APPEAL AND TO AFFIRM
THE JUDGMENT

February 27, 1931.                    295 P. 1111.

*Frame & Raffetto,* for Appellant.

*W. M. Kearney* and *Sidney W. Robinson,* for Respondent.

## OPINION

*Per Curiam:*

This case is now before the court on a motion to dismiss the appeal and to affirm the judgment.

The motion is based upon the fact that the appeal bond was not approved as required by Statutes 1927, p. 80, c. 54, and annexed to a copy of the judgment roll, as provided by statute, Stats. 1915, c. 142, sec. 11.

Section 5358, Rev. Laws, section 8905, Nev. Comp. Laws 1929, provides that no appeal shall be dismissed for insufficiency of the undertaking provided a good and sufficient undertaking, approved by the justices of the supreme court, be filed in the supreme court before the hearing upon the motion to dismiss the appeal.

A good and sufficient bond was filed on the day previous to the hearing and was duly approved by the justices of this court; hence the motion should be denied.

Section 2, c. 97, Stats. 1923, provides that no appeal shall be dismissed for any defect or informality in the

appellate proceedings until the appellant has been given an opportunity to correct the same.

Appellant is allowed fifteen days from receipt of a copy hereof in which to attach the original bond and the one approved by this court to the judgment roll.

Motion denied.

ON RESPONDENT'S APPLICATION FOR AN ORDER TO PERMIT HIM TO PROVE CERTAIN EXCEPTIONS

September 3, 1931.                    2 P. (2d) 130.

*Frame & Raffetto,* for Appellant.

*W. M. Kearney,* for Respondent.

# OPINION

*Per Curiam:*

Respondent has applied for an order to permit him to prove certain exceptions. The case came on regularly for trial on May 1, 1929. Testimony was taken and stenographic notes thereof were made by the official court reporter. After the rendition of the judgment and ruling on motion for new trial, the appellant had made up a proposed bill of exceptions containing so much of the testimony, objections, rulings, and exceptions as she claimed was necessary to bring to the attention of this court for its consideration in disposing of the errors assigned and relied upon by appellant, which she tendered and asked to be settled by the court as a bill of exceptions. On the day set for the settlement of the bill of exceptions, the respondent appeared and objected to the settlement of the bill of exceptions, as proposed, on the ground that the tendered bill of exceptions did not contain the substance of the proceedings relating to the points involved therein. Furthermore, the respondent offered at that time the stenographic notes of all of the testimony taken in the case, as a part of the bill of exceptions.

This application is based upon the portion of section 8872, Nev. Comp. Laws 1929, which reads: " * * * If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as the supreme court may prescribe, or by rules impose, and such exceptions as are allowed by said supreme court shall become a part of the record of the case."

As we understand the contention of counsel for respondent, it simmers down to the proposition that the bill of exceptions as settled does not contain all of the evidence upon the points involved, hence it is subject to amendment so as to bring in all of the evidence.

We do not agree with the theory of the respondent.

The section here relied upon was interpreted in Miller v. Miller, 36 Nev. 115, 134 P. 100, 103, where it was said: " * * * The sole purpose and aim of the statute is to permit a party aggrieved, under a proper application to prove an exception actually taken to a ruling actually made, and when so proven the exception and ruling and the facts applicable thereto become a part of the record on appeal, but not in the nature of an amendment to the bill of exceptions or statement on appeal as settled by the trial court. * * *

"The sole object of the statute is to afford relief to a party aggrieved when a trial judge has refused to allow an exception according to the facts; that is, where he has refused to admit by allowance that a particular ruling was made and excepted to when in fact it was made and excepted to. * * * "

So far as appears, the trial court did allow exceptions according to the facts, as provided in the section relied upon. There is no provision in our statutes requiring all of the evidence taken to be embodied in a bill of exceptions.

We think, too, that before one can apply to this court under the section mentioned he must exhaust his remedy in the lower court. In other words, if he is dissatisfied with a proposed bill of exceptions he must object thereto within the time and in the manner pointed out in section 3, Stats. 1915, p. 164, c. 142. We do not think the respondent proceeded in the lower court as prescribed in that section. It is true that the objection filed to the proposed bill of exceptions states that said proposed bill of exceptions "does not contain the substance of the proceedings relating to the point or points involved." This and similar general objections were made. We had the section last referred to under consideration in State ex rel. Gray v. District Court, 51 Nev. 412, 278 P. 363, 365, wherein, speaking of the requirement of said section, we said: " * * * This requirement has a very definite and precise meaning. It is opposed to any general designation. It means that the true facts, as claimed by the adverse party,

must be stated in a particular manner. They must be supplied in the statement. Nowhere in any of the objections was this attempted to be done. Plaintiff's objections should have been disregarded. Counsel for respondents, on the hearing in this court, first took the position that, under the circumstances of this particular case, it was necessary for the relators to furnish the court reporter's transcript as the bill of exceptions. * * *"

The offer of stenographic notes of the testimony is no compliance with the statute.

We see no theory upon which the application can be granted, and it is hereby denied.