## GORDON v. THE COMO CONSOLIDATED MINES COMPANY

No. 2981

May 24, 1933.

*Cooke & Stoddard,* for Appellant.

*W. M. Kearney,* for Movants.

## OPINION

By the Court, DUCKER, J.:

Gurney Gordon, the appellant and receiver of the respondent, an insolvent mining company, appealed from the order of the Second judicial district court made and entered January 11, 1930, denying his motion for a new trial and from the order of said court fixing his fee as receiver at $2,500, and allowing him $3,000 for his attorneys.

The matter is before us now on a motion to dismiss the appeal, to strike from the files all of the record on appeal except the judgment roll, and to affirm the judgment. The notice of motion is signed by the attorney for Frank Gordon and John Humphrey and certain other creditors. The notice of motion to dismiss states:

"You and each of you will hereby please take notice that on Wednesday the 31st day of August, 1932, at the hour of 10: 00 o'clock a. m. of said day, or as soon thereafter as counsel can be heard, in the court room of the above-entitled court at Carson City, Nevada, the intervening defendants and claimants, Frank Gordon and John Humphrey, will move the court for an order and orders herein, dismissing the above-entitled appeal, and for an order affirming the judgment of the district court appealed from by said appellant and for an order striking from the files all that part of the record on appeal with the exception of the judgment roll, upon the grounds and for the reasons as follows, to-wit:"

Then follows an enumeration of the grounds.

■ The appeal is taken from an order of the trial court fixing the fees of the receiver and his attorneys and also from an order denying appellant's motion for a new trial. The motion to dismiss does not show to which order it is directed or whether it is intended to go to both. It is therefore too general and must be denied. Peri v. Jeffers, 53 Nev. 49; see, also, Coykendall et al. v. Gray et al., 53 Nev. 113.

■ We have frequently stated and again repeat that the supreme court is reluctant to dispose of cases otherwise than on the merits. As the motion to dismiss the appeal must be denied, it follows that the other motions should also be denied.

It is so ordered.