## GORDON v. THE COMO CONSOLIDATED MINES CO.

No. 2981

July 5, 1933.                                    23 P. (2d) 372.

*Cooke & Stoddard,* for Appellant:

**OPINION**

By the Court, DUCKER, J.:

This case is before us on an appeal by Gurney Gordon, receiver of the respondent, from an order fixing his fee as such receiver and the fee of his attorneys, and from an order denying his motion for a new trial. The court ordered further that said receiver and his said attorneys prorate with all other creditors of the receivership. Appellant's attorneys filed their opening briefs on the merits and served the same on the attorney for the respondent. A motion to dismiss the appeal was thereafter made. The motion was denied. 54 Nev. 440, 22 P. (2d) 127. As the time for filing and serving a reply brief to appellant's opening brief on the merits had expired, and no such reply brief had been filed, the court ordered the case submitted on the merits for consideration and decision.

The receivership has extended since February 1923, and concerns the Como Consolidated Mines Company, a Nevada corporation, which owned a number of patented and unpatented lode claims with buildings, a mill site, reduction plant, machinery, and other property used in connection therewith in Lyon County. The orders complained of were made after the hearing of appellant's final report and petition for his discharge and release of official bond.

The amount of cash to be distributed is $12,187.30. The claims outstanding for receiver's certificates and

other expenses almost equal the above amount. The claims for the most part are for expenses incurred by the receiver in managing the property of the insolvent corporation. The greater part of these claims is represented by receiver's certificates issued largely to watchmen who were kept on the ground to watch the machinery and buildings and who also did assessment work on the claims belonging to the company.

The only question which need be determined, if determined in the affirmative, is whether the court erred in ordering the fees of appellant and his attorneys to be prorated with all other claims. We think the lower court erred in this respect.

It is well established that the compensation of a receiver and the compensation of his attorney are a part of the costs of the receivership and must be accorded priority of payment over receiver's certificates. In Campbell v. Nichols, 145 Wash. 614, 261 P. 408, 410, the court said: "It is, we think, a universal rule of law that the necessary and proper compensation of a receiver and his attorneys is a part of the costs of the receivership and entitled to priority, even over receiver's certificates." See Beckwith v. Carroll, 56 Ala. 12; McLane v. Placerville, etc., R. Co., 66 Cal. 606, 6 P. 748; Jeffers v. New Jersey, etc., Co., 86 N. J. Eq. 402, 99 A. 189; St. Paul, etc., Co. v. Diagonal, etc., Co., 95 Iowa, 551, 64 N. W. 606; Ball v. Improved Property, etc., Co. (C. C. A.), 247 F. 645; 53 C. J. 197; Clark on Receivers, p. 905; 2 Tardy's Smith on Receivers, p. 1722, and note 3 and cases cited.

The orders appealed from are reversed, and a new trial ordered.