An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

COPPER SANDS HOMEOWNERS ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION; BRUCE BEVILACQUA, AN INDIVIDUAL; MARCIA JARRETT, AN INDIVIDUAL; AND CHARLES WOODS, AN INDIVIDUAL,
Appellants,
vs.
TRUCK INSURANCE EXCHANGE, A CALIFORNIA INTER-INSURANCE EXCHANGE; MURCHISON & CUMMING, LLP, A REVOKED NEVADA LIMITED LIABILITY PARTNERSHIP; JEAN M. LAWLER, INDIVIDUALLY AND IN HER CAPACITY AS MANAGING PARTNER OF MURCHISON & CUMMING, LLP, A REVOKED NEVADA LIMITED LIABILITY PARTNERSHIP; AND MICHAEL J. NUNEZ, INDIVIDUALLY AND AS A PARTNER FOR MURCHISON & CUMMING, LLP, A REVOKED NEVADA LIMITED LIABILITY PARTNERSHIP,
Respondents.

No. 64059

FILED

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an insurance bad faith and tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

15-19304

Appellants assert that the district court wrongly applied a settlement and release to their claims against an insurance carrier because their claims were based on misconduct occurring after the release was executed. Appellants further assert that the district court wrongly dismissed their claims against the insurance carrier's attorneys based on their failure to assert any special relationship with the attorneys because they validly asserted that an attorney-client relationship existed. Finally, they assert that, regardless, the district court erred in dismissing their fraud claims against all respondents.

We review the district court's summary judgments and order dismissing for failure to state a claim de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (explaining that a complaint should be dismissed under NRCP 12(b)(5) "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle it to relief"); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (noting that summary judgment is appropriate when the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law). It is appellants' burden to demonstrate error warranting reversal. *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1051-52, 881 P.2d 638, 644 (1994); *Lady Bryan Gold & Silver Min. Co. v. Lady Bryan Min. Co.*, 4 Nev. 414, 416 (1868).

Here, appellants have not met their burden. With respect to the claims against the insurance carrier, while their amended complaint alleged ongoing misconduct, they have not pointed to any claim based on a set of facts unrelated to the prior actions released in the settlement or

occurring only after the settlement and release was signed; the defense of which they complain was tendered to and accepted by the insurance carrier before the release was executed.

Regarding the claims against the attorneys, appellants have pointed to no authority stating that attorneys who represent an insurance carrier also represent its insureds. *Cf. Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 50-51, 152 P.3d 737, 741 (2007) (holding that an attorney retained by an insurer to represent its insureds represents both the insureds and the insurer, absent a conflict); *Spratley v. State Farm Mut. Auto Ins. Co.*, 78 P.3d 603, 607-08 (Utah 2003) (same). Further, the district court properly relied on affidavits contradicting federal district court minutes. *In re Amerco Derivative Litig.*, 127 Nev., Adv. Op. 17, 252 P.3d 681, 699 n.9 (2011) (judicial notice is not properly taken of facts stated within a court document); *Mack v. Estate of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009) ("As a general rule, we will not take judicial notice of records in another and different case, even though the cases are connected.").

Finally, we agree with respondents that appellants failed to state any fraud claims that would warrant reversal of the summary judgment and dismissal order. Within the context of the bad faith/unfair claims practices allegations, the complaint alleged that respondents misrepresented amounts available on insurance policies and coverage. This is not sufficient to state a claim for fraud under NRCP 9(b). *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 708 (2006) ("To plead with particularity, plaintiffs must include in their complaint averments to the time, the place, the identity of the parties involved, and the nature of the fraud." (internal quotations omitted)), *abrogated on other grounds by Buzz*

*Stew*, 124 Nev. 224, 181 P.3d 670. Accordingly, the district court did not err in granting summary judgment and dismissing appellants' claims. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Joanna Kishner, District Judge
  Salvatore C. Gugino, Settlement Judge
  Law Offices of Terry L. Wike
  Feldman Graf
  Murchison & Cumming, LLC/Las Vegas
  Eighth District Court Clerk