[No. 2517]

MAY L. CORCORAN, APPELLANT, *v.* E. R. DODGE AND N. J. BARRY, DOING BUSINESS AS ATTORNEYS AT LAW, UNDER THE NAME AND STYLE OF DODGE & BARRY, AND NEVADA STEAMBOAT SPRINGS COMPANY (A CORPORATION), RESPONDENTS.

[204 Pac. 879]

1. APPEAL AND ERROR—BILL OF EXCEPTIONS SHOULD BE INDORSED AS SUCH.

Under Stats. 1915, c. 142, substituting bills of exceptions for the statement on appeal, a bill of exceptions should be indorsed as such.

2. APPEAL AND ERROR — BILL OF EXCEPTIONS CERTIFIED TO BY OFFICIAL STENOGRAPHER CANNOT BE CONSIDERED.

Under Stats. 1915, c. 142, providing that a bill of exceptions must be settled by stipulation of counsel or by the trial court, a bill of exceptions, certified to by the official stenographer as being a correct transcript of the evidence, has no place in the record, and cannot be considered on appeal.

APPEAL from Second Judicial District Court, Washoe County; *Frank P. Langan,* Judge.

Action by May L. Corcoran against E. R. Dodge and others. From judgment for defendants, plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*A. Grant Miller,* for Appellant:

The general policy of the courts has been to permit a hearing on the merits of every cause where it could be reasonably done. The record is complete and the assignment of errors was properly and seasonably made, so that all of the subject-matter is before the court. In criminal cases, mere delay in filing a brief will not deprive the accused of their right of appeal. The same rule has been many times applied in civil cases. State v. Williams, 39 L. R. A. 821; Buehner v. Creamery P. M. Co., 100 N. W. 345. Respondents have not suffered in any manner, nor have they been prejudiced in the case. Schultz v. Ford, 109 N. W. 614; Oliver v. Wilson, 75

Am. St. Rep. 784; Iowa City v. Glassman, 40 L. R. A. (N. S.) 852.

*Dodge & Barry,* for Respondents:

The appeal should be dismissed, appellant having failed to serve and file points and authorities or brief within the time limited (Rule 11, Supreme Court), and there being on file no bills of exceptions, properly settled and allowed, and signed or certified by the trial court (Stats. 1915, c. 142).

An appeal will be dismissed for failure to file a brief within time. Goodhue v. Shedd, 17 Nev. 140; State v. Myatt, 10 Nev. 163; Mathewson v. Boyle, 20 Nev. 88; Linnville v. Clark, 30 Nev. 113.

Filing a brief after a motion has been made to dismiss the appeal for failure to file a brief is no answer to the motion. Shane v. People's L. Co., 98 Cal. 120; Welch v. Kinny, 47 Cal. 414; Page v. Latham, 60 Cal. 606; Heinlen v. Railroad, 65 Cal. 304; Smith v. San Francisco, 7 Pac. 37.

Filing transcript on same day after filed motion to dismiss is no answer to the motion. Chapman v. Bank, 88 Cal. 420. There is no difference between the failure to file a transcript and the failure to file a brief within the required time. Erving v. Napa Valley B. Co., 16 Cal. App. 41; Hamaker v. Keating, 158 Cal. 109.

"Where the transcript on appeal from an order denying a new trial contains no statement settled and agreed upon, the order will be affirmed." Headley v. Crow, 22 Cal. 265; Cosgrove v. Johnson, 30 Cal. 511; Mix v. Railroad, 86 Cal. 235.

The bill of exceptions cannot be considered unless it is signed by the judge. Harley v. Young, 4 Cal. 284; Gee v. Terrie, 55 Cal. 381. When neither agreed to by the parties nor signed by the judge, a statement used on motion for a new trial cannot be used as the statement on appeal. Fee v. Starr, 13 Cal. 170; Kavanaugh v. Maus, 28 Cal. 261; Martin v. Vanderhoot, 7 Pac. 307.

By the Court, COLEMAN, J.:

1.   In the lower court judgment was rendered in favor of the defendants.   The plaintiff made a motion for a new trial, which was denied.   An appeal was taken from that order.   In apt time respondents made a motion in this court to dismiss the appeal, for the reason that no bill of exceptions is made a part of the record. There was filed with the clerk of the court what purports to be two volumes comprising the record in the case.   Volume 1 consists of the record proper—that is, the judgment roll.   Volume 2 is indorsed "Statement and Bill of Exceptions on Appeal."   Right here let us say that prior to the act of 1915 (Stats. 1915, p. 164) the "Statement on Appeal" served the identical purpose now served by a bill of exceptions; but as was said in the case of Gill v. Goldfield Con. M. Co., 43 Nev. 1, 176 Pac. 784, 184 Pac. 309, the "Statement on Appeal" was abolished, and bills of exceptions substituted therefor. In that case we did not say, nor did we intend to say, nor do we now wish to be understood as holding, that if the testimony taken on the trial of a case is transcribed and approved as being all of the testimony in the case, as provided in the act of 1915, we would not consider it, even though indorsed "Statement on Appeal."   That is yet an open question; but, whatever might be our holding, to avoid confusion, attorneys should endeavor to conform to the spirit of the act, and indorse as such what purports to be a bill of exceptions.

2.   That which may in fact be all of the evidence in the case, certified to by the official reporter as being a full, accurate, and complete transcript of the testimony as taken at the trial, does not in fact become a bill of exceptions.   There never was a time in the history of this state, or of any other state, so far as we are aware, when the testimony taken in the trial of a case could be considered by a court of final resort, except when settled and approved as being a full, complete, and correct transcript thereof, either by the trial judge or court or by stipulation of the parties.   And the reason for this

seems too obvious to call for any comment. Should the preparation of such a document be left to the complaining party alone? May he present his individual bill of exceptions, and leave it to the other party to present a different one? Or in case it be a triangular proceeding, or one in which several parties are joined, may there be as many bills of exceptions as there are parties claiming conflicting interests? The inquiry suggests its own answer. Authority must be lodged somewhere to settle a bill of exceptions, for there can be only one. This authority is lodged by the statute of 1915 primarily in the parties, and finally in the trial judge or in the court. There can be no bill of exceptions until it has been approved in one of the ways indicated by the statute. The so-called "Statement and Bill of Exceptions on Appeal" in this case is certified to by the official reporter as being a correct transcript of the evidence, but it is not settled as a bill of exceptions, or as anything else, by the parties, the trial judge, or the court. Hence it has no place in the record, and cannot be considered by this court for any purpose whatsoever.

It is true, as said by counsel for appellant in his brief, that it is the general policy of the courts to permit a hearing on the merits when it can be reasonably done. Such is the oft-repeated sentiment of this court, but by such expression it was never contemplated that it could be "reasonably done" when the evidence taken in the trial of a case is not presented in a bill of exceptions authenticated as provided by statute. To countenance for one moment any other practice would be to throw open wide the door for the practice of imposition upon this court, and leave, instead of a plain, simple method of presenting the evidence in a case, confusion and chaos.

The ideas which we have expressed are in accord with the theory and practice of the legal profession generally and the universal rulings of this court. In fact, until recently, we have never heard it even intimated that the

oral testimony taken in a case could be made a part of the record except by stipulation of counsel or approval of the trial judge or court. The point in question was determined in the very recent case of Mexican D. & D. Co. v. Schultz, 45 Nev. 260, 201 Pac. 548, and the views therein expressed, so far as applicable, have been adhered to in the case of Rickey v. Douglas M. & P. Co., 45 Nev. 341, 204 Pac. 504, just decided.

A clear exposition of the rule, as practically universally recognized, as shown by the citations, is stated in 4 C. J. 180, as follows:

"Rulings and decision of the lower court, the correctness of which cannot be determined from the record proper, must be made a part of the transcript by a bill of exceptions, case, statement of facts, or other mode prescribed by the statute, in order to secure their review by the appellate court; and, unless such rulings of the lower court the correctness of which cannot be determined from the record proper are thus made a part of the record on appeal, the appellate court will consider only those errors that are shown by the judgment roll or record proper, such as the sufficiency of the pleadings and findings of fact to support the verdict or judgment."

No error appearing in the record proper, it is ordered that the judgment be affirmed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.