## WATER CO. *v.* BELMONT DEV. CO.

No. 2714

October 5, 1926.                    249 P. 565.

1. APPEAL AND ERROR—JUDGMENT.
    Judgment will be affirmed, in view of Rev. Laws, sec. 5328, where appellant contended only that court erred in overruling his motion for new trial and no motion for new trial was in the record, since reviewing court cannot determine upon what ground motion for new trial was based.

2. APPEAL AND ERROR—PRESUMPTION.
    Court in overruling motion for new trial is presumed to have committed no error.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2227, p. 486, n. 6; sec. 2733, p. 782, n. 45.

APPEAL from Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action by the Water Company of Tonopah against the Tonopah Belmont Development Company. From a judgment for plaintiff and order denying new trial, defendant appeals. **Affirmed.** (SANDERS, J., dissenting.)

*Hugh H. Brown* and *Walter Rowson,* for Appellant:

This court will pass on evidence when presented in proper bill of exceptions, and when motion for new trial has been made and denied. Corcoran v. Dodge, 45 Nev. 406; Giannotti v. De Bock, 47 Nev. 332.

Transcript of proceedings certified by reporter shall constitute bill of exceptions. Stats. 1923, 163.

Bill of exceptions contains all oral and documentary evidence. Therefore court has power to pass on sufficiency of evidence.

*Wm. Forman* and *Wm. J. Forman,* for Respondent:

Every presumption is in favor of correctness of proceedings in court below, in absence of evidence to contrary. State v. Kelly, 1 Nev. 226; Adams v. Rogers, 31 Nev. 163.

Record does not contain notice of intention, notice of motion, instructions complained of, nor memorandum of errors. There is no error on face of judgment roll. There is, therefore, nothing before this court for review. Corcoran v. Dodge, 45 Nev. 410; Rev. Laws, 5322.

## OPINION

By the Court, COLEMAN, C. J.:

This is an appeal from the judgment in favor of the plaintiff and from the order denying the defendant's motion for a new trial. An order was made herein striking certain papers from the record, among which was defendant's motion for a new trial. 49 Nev. 172, 241 P. 1079. We will refer to the parties as designated in the trial court.

1. The plaintiff now asserts that, since the defendant makes no contention other than that the court erred in overruling defendant's motion for a new trial, the judgment and order appealed from must be affirmed This contention is based upon the proposition that, no motion for a new trial being in the record, this court cannot ascertain upon what theory the motion for a new trial was urged upon the trial court, and hence we cannot say whether or not prejudicial error was committed in denying the motion.

Counsel for defendant on the other hand say that a bill of exceptions is before us containing all of the evidence, and from an inspection thereof it will be seen that the evidence does not sustain the verdict. If we were to concede that the assertion of the defendant is well founded, nevertheless we would have to affirm the judgment.

There are several grounds upon which a motion for a new trial may be based, among them being misconduct of the jury, newly discovered evidence, accident or surprise, insufficiency of the evidence to justify the verdict, error in ruling upon the evidence, and upon instructions claimed to be erroneous. Section 5328, Rev. Laws 1912, expressly provides that where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court or upon alleged errors in ruling upon the evidence, or upon instructions claimed to be erroneous, a motion for a new trial must be made and determined before the appeal is taken. If the motion for a new trial was based solely upon the ground last mentioned and the court overruled the

motion, it is obvious that if the evidence be insufficient to justify the verdict it could not be said that the court committed error if there was no showing of error in the giving of an instruction even though the evidence was clearly insufficient to justify the verdict. As has been said repeatedly, cases are appealed and reversed for the correction of errors. Truckee River G. E. Co. v. Durham, 38 Nev. 311, 149 P. 61; Giannotti v. De Bock, 47 Nev. 332, 221 P. 520.

2. The mere fact that the motion for a new trial was denied does not justify the assumption that the trial court erred. In fact, the presumption is that no error was committed. State v. Boyle, 49 Nev. 386, 248 P. 48.

Not being able to determine from the record upon what ground the motion for a new trial was based, we are unable to say that error was committed, hence the judgment must be affirmed.

It is so ordered.

SANDERS, J.: I dissent.