BREARLEY *v.* AROBIO ET AL.

No. 2975

June 11, 1932.          ·     12 P. (2d) 339.

*Powell & Brown,* for Appellant.

*H. J. Murrish* and *Hawkins, Mayotte & Hawkins,* for Respondents:

## OPINION

By the Court, COLEMAN, C. J.:

The respondents have moved to strike and to dismiss. The notice of motion reads:

"1st. To dismiss the appeal from the order—denying plaintiff's motion for a new trial—made and entered in the minutes of the District Court on November 6, 1931; and

"2nd. To strike from the record on appeal the whole of volume numbered 2, being the volume designated as 'Transcript,' certified by the court reporter as being a 'copy of all proceedings had and testimony given at the trial of said case'—which said transcript was served and filed in the District Court November 27, 1931; and

"3rd. To strike from volume numbered 1 of the record on appeal, certified by the clerk of the District Court, certain parts or portions thereof, hereinafter designated; and

"4th. To dismiss the appeal from the order—dismissing the case at the conclusion of plaintiff's testimony because of insufficient proof—made August 28th, 1931."

We will consider first the motion designated No. 3. The civil practice act (section 8879 N. C. L.), states what shall constitute the judgment roll.

Nothing can become a part of a record on appeal from a final judgment and an order denying a motion for a new trial, unless it is properly a part of the judgment roll proper or is embraced in a bill of exceptions, or in a transcript of the evidence, in lieu of such bill of exceptions, certified by the court stenographer. Peri v. Jeffers, 53 Nev. 49, 292 P. 1.

None of the papers sought to be stricken are a part of the judgment roll, nor embraced in a bill of exceptions, nor certified to as a part of the testimony, as is permitted by chapter 97, Stats. 1923, nor fall within the exceptions stated in sections 12 and 14, c. 142, Stats. 1915; hence they are not properly a part of the record in the case, and should be stricken.

■ As to motion designated No. 2, we think it should be denied. It is the contention of counsel for respondent that volume No. 2, which was filed in lieu of a bill of exceptions, should have been served and filed within 20 days after the decision of the motion for a new trial. The order denying the motion for a new trial was made November 6, 1931, whereas the transcript was not filed until the 27th. It appears that the 26th was Thanksgiving Day and a nonjudicial day under our statute, but notwithstanding, it is said the transcript should have been filed within the 20-day period.

It is provided by section 540 of the civil practice act, section 9029 N. C. L., that "the time in which any act is to be done, as provided in this act, shall be computed by excluding the first day and including the last. If the last day be Sunday, or other nonjudicial day, it shall be excluded. * * * " Since the preparation, serving, and filing of volume 2 was an act done in pursuance of the civil practice act, we see no escape from the conclusion that Thanksgiving Day should be excluded in determining the time within which volume 2 might be filed; hence, this motion should be denied.

In view of the fact that the motion No. 2 to strike must be denied, it follows that motion No. 1, to dismiss the appeal from the order denying the motion for a new trial, must also be denied, since we can consider the evidence contained in the transcript.

■ Motion No. 4 should be denied. The appeal in this case is from the order denying plaintiff's motion for a new trial and also from the judgment of August 28, 1931. The appeal was perfected January 8, 1932. Counsel for respondent contend that the court, on August 28, 1931, did not render a final judgment, but simply entered a preliminary order. On September 8, 1931, the court signed formal findings of fact, conclusions of law, and judgment, which were based on the action of the court of August 28. Thus it appears that the court construed its own action of August 28 as constituting the final judgment. But, however that may

be, the action taken by the court on that day was a final judgment, in that it finally disposed of the case. That is clear.

It is ordered that the motion to strike, designated No. 3, be and the same is hereby sustained, and that all of the other motions be, and the same are, denied.

ON THE MERITS

March 1, 1933.                    19 P. (2d) 432.

*Powell & Brown,* for Appellant:

386

H. J. *Murrish* and *Hawkins, Mayotte & Hawkins*, for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This case is now before us on an appeal from the judgment and from an order denying a motion for a new trial.

There is not in the record in this case the motion for a new trial on which the court entered its order denying the same, hence it is contended by counsel for respondent that we cannot determine whether or not the court erred in its ruling, and consequently the judgment and order must be affirmed unless error appears from the judgment roll. Such is the rule established in Water Co. v. Belmont Dev. Co., 50 Nev. 24, 249 P. 565.

It is contended by counsel for appellant that pursuant to section 9404 N. C. L., it is the duty of this court to issue an order to the lower court to certify to this court the motion for a new trial which was made in the case.

The section mentioned authorizes this court to order the lower court to certify up "additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal."

When this case was before us on a motion to strike, among other things, the motion for a new trial, we said:

"Nothing can become a part of a record on appeal from a final judgment and an order denying a motion for a new trial, unless it is properly a part of the judgment roll proper or is embraced in a bill of exceptions, or in a transcript of the evidence, in lieu of such bill of exceptions, certified by the court stenographer. Peri v. Jeffers, 53 Nev. 49, 292 P. 1.

"None of the papers sought to be stricken are a part of the judgment roll, nor embraced in a bill of exceptions, nor certified to as a part of the testimony, as is permitted by chapter 97, Stats. 1923, nor fall within the exceptions stated in sections 12 and 14, c. 142, Stats. 1915; hence they are not properly a part of the record in the case, and should be stricken." Brearley v. Arobio, 54 Nev. 382, 12 P. (2d) 339.

It is not our understanding that it was the intention of the legislature in enacting section 9404 N. C. L., mentioned, to require this court to order the trial court to certify up any paper or document on file in the lower court to become a part of the record on appeal, which is not a part of the judgment roll, or embraced in a bill of exceptions, or which falls within one of the exceptions pointed out in our former opinion in this case. If such were the intention of the legislature we would find it necessary to do the ridiculous thing of striking out a paper on one motion but to order it sent up on another. Such certainly could not have been the intention of the lawmakers.

It not being contended that any reversible error appears from the judgment roll, pursuant to Water Co. v. Belmont Dev. Co., supra, the judgment and order appealed from should be affirmed.

It is so ordered.