## WILSON *v.* WILSON

No. 3031

July 31, 1933.                    24 P. (2d) 317.

## OPINION

*Per Curiam:*

This is an action for a divorce. The defendant filed her motion for a change of place of trial. Upon the hearing of the motion the court ordered that the application be granted, and transferred the case to Washoe County for trial. Plaintiff has appealed from the order.

Defendant has made a motion to strike from the record certain affidavits which were not filed in the lower court, and for an allowance of an attorney's fee on this appeal.

The affidavits in question purport to show why it was

impossible for counsel to appear at the hearing of the motion for change of place of trial, and are amply sufficient for that purpose.

1-3. It has been held in many cases that nothing can be considered by this court on an appeal from an order or judgment of a lower court, except the record as made and considered by the court below. This is true in the very nature of things. This court can only pass upon alleged errors or abuse of legal discretion committed by the lower court. Water Co. of Tonopah v. Tonopah Belmont Dev. Co., 50 Nev. 24, 249 P. 565. In determining such questions we cannot look to matter dehors the record. Brearley v. Arobio et al., 54 Nev. 382, 12 P. (2d) 339.

The motion to strike must be granted.

4. It is contended by defendant that the plaintiff is worth $60,000. He admits he is worth $20,000, and that he had already had an income of $3,000 this year. It appears that the respondent has an income of only $30 a month. We think a fee of $150 will be a reasonable allowance to the defendant as an attorney's fee on this appeal.

It is ordered that the affidavits mentioned be stricken from the files in this case. It is further ordered that plaintiff (appellant) pay to defendant (respondent), or to her attorney, Leon Shore, as an attorney's fee herein, within ten days from the filing hereof, the sum of $150.