--------------------------------------------, A MINOR,[1] APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5640

May 26, 1969                                    454 P.2d 895

*L. Earl Hawley,* of Las Vegas, for Appellant.

*Richard H. Bryan,* of Las Vegas, for Respondent.

---

[1]It is the policy of this court that the names of juveniles shall not be published; for that reason the name of the appellant has been omitted.

# OPINION

By the Court, BATJER, J.:

Pursuant to an order of the trial court filed on April 11, 1968, a proceeding was held on April 15, 1968 to consider the appellant's petition for a writ of habeas corpus. At that proceeding no testimony was taken, nor was there any evidence presented. There were only arguments by respective counsel for the parties. There has never been a petition filed in this matter in the Juvenile Court. Before a petition could be filed by the respondent, alleging the grounds for the original detention of the appellant, her counsel announced: "[W]e will go to the Supreme Court with it." After the arguments of counsel the writ was denied.

The appeal is taken upon the grounds:

(1) That the appellant was treated as a delinquent without due process; and

(2) That the appellant was denied due process because the respondent had failed to afford her a hearing within a reasonable time.

In support of her contentions, the appellant relies heavily upon In re Gault, 387 U.S. 1 (1967), and Kent v. United States, 383 U.S. 541 (1966). We find this reliance extremely premature.

There is nothing before this court, either by way of testimony, material evidence, a minute entry or otherwise, by which we would be able to determine these issues. The record is devoid of any acceptable evidence that goes to prove that the appellant was ever taken into custody for violating any law or ordinance, or was ever held in detention by the juvenile authorities, nor has the appellant in any other acceptable manner supplied any material evidence.

Neither the argument by counsel for the appellant before the trial court, nor his arguments in the briefs filed on behalf of the appellant in this court can be considered as evidence or as part of the record.

It has long been a recognized rule of law that any statement or argument made by counsel before the trier of facts, concerning the fact of a case, cannot be regarded as evidence. Frazier v. Cupp, 394 U.S. 731 (1969). Town of Ashwaubenon v. Public Service Commission, 126 N.W.2d 567 (Wis. 1964).

In the case of Mitchell v. Bromberger, 2 Nev. 345 (1866), this court said: "Counsel for appellant mentions the error which they complain of in their brief, but that is not sufficient here. The record must show the error, if any exists. *A statement of facts in the brief of counsel will not supply a deficiency in the record.*" (Emphasis added.)

In Cawley v. Pershing County, 51 Nev. 36, 268 P. 44 (1928), the court said: "Counsel did make a statement during the argument, but this court is not bound by admissions or statements of counsel as to the interpretation of statutes or as to any phase of the law. To hold otherwise would result in opinions by stipulation of counsel, something no self-respecting court can look upon with favor."

In Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933), this court stated: "It has been held in many cases that nothing can be considered by this court on an appeal from an order or judgment of a lower court, except the record as made and considered by the court below. This is true in the very nature of things. This court can only pass upon alleged errors or abuse of legal discretion committed by the lower court. Water Co. of Tonopah v. Tonopah Belmont Dev. Co., 50 Nev. 24, 249 P. 565. In determining such questions we cannot look to matter dehors the record." (Citation omitted.)

In determining cases, an appellate court must confine its consideration to the facts reflected in the record and the necessary and reasonable inferences that may be drawn therefrom. The statements made by counsel in their briefs, alleging facts, or their arguments made in open court portraying what might have occurred, will not be considered by this court. State v. Griswold, 446 P.2d 467 (Ariz. 1968); Yee Marn v. Reynolds, 361 P.2d 383 (Hawaii 1961).

The fact that a petition for a writ of habeas corpus was filed,

and an order was entered requiring a hearing on the application, does not justify the assumption that the trial court committed error when the writ was denied. As a matter of fact, the presumption is that no error was committed. Water Co. v. Belmont Dev. Co., 50 Nev. 24, 249 P. 565 (1926); State v. Boyle, 49 Nev. 386, 248 P. 48 (1926).

Because we are unable to determine, from the record, the grounds for the appellant's application for a writ of habeas corpus, we cannot accept her contention that error was committed. The judgment of the trial court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.