JAMES D. JERNIGAN, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6106

May 18, 1970                                    469 P.2d 64

Foley, Garner & Shoemaker, of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Richard D. Weisbart,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On August 12, 1969, the Governor of the State of Nevada, issued an executive warrant authorizing and commanding any peace officer of this state to arrest the appellant and to detain him so he could be delivered to agents from the State of Texas for his return to that state.

The executive warrant recited that the appellant had been charged, with the crime of felony theft, by a grand jury of Galveston County, Texas.

The appellant was arrested on the executive warrant and pursuant to NRS 179.197, was brought before the district court to be informed of the crime charged and his right to demand and procure counsel. On October 16, 1969, the appellant, through counsel, petitioned the district court for a writ of habeas corpus. That petition was denied on November 14, 1969, and this appeal followed.

The record on appeal, in this case, is extremely meager.

The minute order of the district court denying habeas is not helpful. The only document of substance in the entire record is the executive warrant. It is valid on its face.

The appellant in his attacks on the executive warrant refers to the Texas grand jury indictments and "three other documents," as well as an "alias capias." They are nowhere to be found in the record, although the appellant attaches copies of these instruments to his opening brief.

We cannot consider facts outside the record. In Lindauer v. Allen, 85 Nev. 430, 451 P.2d 851 (1969), we said: ". . . [F]acts in the briefs of counsel will not supply a deficiency in the record." Mitchell v. Bromberger, 2 Nev. 345 (1866); Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Lee v. Sheriff of Clark County, 85 Nev. 379, 455 P.2d 623 (1969).

In the absence of anything in the record to indicate that the Governor's extradition warrant was improperly issued, the warrant is presumed to be valid and properly issued pursuant to law. The burden was upon the appellant to overcome the prima facie existence of every fact which the Governor was obliged to determine before issuing the executive warrant. McTigue v. Rhyne, 298 P.2d 288 (Kan. 1956); Ex parte Cassell, 184 P.2d 467 (Okla. 1947); Ex parte Fant, 400 S.W.2d 332 (Tex. 1966). In no way has this appellant met that burden.

The fact that the district court ordered a certified copy of its minute order, denying habeas corpus, as a supplement to the record before us, did not cure the lack of sufficient documentation to support the appellant's assignments of error. For the reasons stated herein this appeal is dismissed.

If the order entered by this court on April 3, 1970, denying the respondent's motion to dismiss this appeal is in any way inconsistent with this opinion, that order is to the extent of such inconsistency rescinded.