EDWARD W. CHAUNCEY, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6133

July 15, 1970      472 P.2d 364

*H. Dale Murphy,* Public Defender, and *Jerome M. Polaha,* Deputy Public Defender, Washoe County, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

In 1962, the appellant was sentenced to the Nevada State Prison on a burglary conviction. In 1965 he escaped from custody while assigned to a work detail at Marlette Lake, which is located partly in Washoe County and partly in what was then Ormsby County (now Carson City). He was thereafter arrested in Arizona on another burglary charge and sentenced to the Arizona State Prison. Approximately a month after the appellant's escape in Nevada, a complaint was filed in Washoe County, charging him with the crime of escape. A warrant for the appellant's arrest was issued and delivered to the Nevada State Prison. A detainer was sent to the Arizona State Prison, and the appellant was informed of such detainer on December 1, 1965.

On February 8, 1966, the appellant made a demand upon the District Attorney and the District Court Clerk in Ormsby County for a speedy trial on the escape charge. He renewed that demand for a speedy trial in May of 1966 by letter to the First Judicial District Court. On both of the appellant's demands for a speedy trial there was noted the number of the detainer warrant which had been lodged against him, but there was no response or acknowledgment from any of the Ormsby County officials.

In March, 1969, the Washoe County District Attorney's office was informed of the appellant's whereabouts when another letter written to the Nevada Supreme Court by the appellant was forwarded to that office in Reno. On May 1, 1969, the appellant's term expired and he was released from the Arizona State Prison to the Nevada detainer.

He sought habeas below on the grounds that he had been denied a speedy trial after having made a specific demand therefor. This appeal is from an order denying that pre-trial habeas application.

It does not appear from the record that any testimony or evidence was presented at the hearing on the habeas petition,

although the appellant was personally present and it was within his power to subpoena other witnesses. Thus, the record fails to show certain essential prerequisite factual elements entitling the appellant to relief. On the present record, it is not possible to determine whether the appellant knew or should have known by the information that was available to him that the escape complaint issued out of Washoe County rather than Ormsby County. Neither does the record show how he was prejudiced by the delay in returning him to Nevada for trial.[1]

As a result, the appellant has not met the burden of making error in the proceedings below apparent,[2] and the order of the district court is entitled to a presumption of correctness. A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969).

Consequently, on the record which is before us, we affirm the order denying habeas.

---

[1] Although counsel for the appellant in his brief contends that a proffer of proof on the issue of prejudice was made, the record fails to bear out that contention.

[2] Cf. Smith v. Hooey, 393 U.S. 374 (1969), where the prejudicial effect of a delay in bringing an accused to trial was discussed and considered in depth, but where the case was remanded for further judicial effort on the issue of prejudice under the circumstances of that case.