CLAY W. WILLIAMS, APPELLANT, *v.* NEW YORK MEAT &
PROVISIONS, INC., A NEVADA CORPORATION, AND
INTERNATIONAL BROTHERHOOD OF TEAM-
STERS, CHAUFFEURS, WAREHOUSEMEN & HELP-
ERS OF AMERICA, LOCAL 14, RESPONDENTS.

No. 10293

January 3, 1980      604 P.2d 357

*Neil R. Slocum,* Las Vegas, for Appellant.

*Morton R. Galane,* Las Vegas, for Respondent New York Meat.

*Leonard I. Gang,* Las Vegas, for Respondent Teamsters 14.

## OPINION

*Per Curiam:*

Appellant filed a complaint in the court below seeking to recover money damages from respondent New York Meat & Provisions, Inc., and respondent International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 14.

Appellant was employed by New York Meat & Provisions, Inc., until October 15, 1976, when he was discharged. It is alleged that appellant sought arbitration under the contract between the employer and the union.[1] Christ N. Karamanos was selected as the third and disinterested member of the arbitration committee. Karamanos upheld the discharge on January 31, 1977. Appellant did not move to vacate the award. He filed the instant action on May 2, 1977, seeking to recover money damages from his former employer, the union, and the arbitrator.

Appellant alleged in his complaint that the employer wrongfully discharged him; that the union representative failed to select an impartial arbitrator as contemplated by the contract; and, that the arbitrator had business interests in firms which purchased provisions from the employer and thus was not an impartial arbitrator.[2]

On July 26, 1977, the lower court dismissed appellant's complaint as to the respondent employer and respondent union,

---

[1]The contract between employer and union providing for arbitration of grievances has not been provided to this court.

[2]The lower court dismissed the arbitrator from the action. The appeal was dismissed May 16, 1979.

finding that appellant had failed to comply with NRS 38.145.[3] Chapter 38, Nev. Rev. Stats., known as the Uniform Arbitration Act, applies to matters submitted to arbitration by written agreement or contract between employers and employees or between their respective representatives unless otherwise provided in the agreement. NRS 38.035.

Appellant has never suggested that Ch. 38, Nev. Rev. Stats., does not apply to this case. Appellant's arguments on appeal centered on the alleged partiality of the arbitration.

Cases cited by appellant are cases in which the aggrieved party sought to disqualify the arbitrator or to vacate the award. None can be read to support plaintiff's claims for money damages against the union or employer.

The presumption is that no error was committed by the lower court in dismissing the complaint. A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969). Inasmuch as appellant has not demonstrated that the lower court erred in ruling as it did, the judgment of dismissal is affirmed.

---

[3]NRS 38.145(1) and (2) reads:

"1. Upon application of a party, the court shall vacate an award where:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct substantially prejudicing the rights of any party;

"(c) The arbitrators exceeded their powers;

"(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of NRS 38.075, as to prejudice substantially the rights of a party; or

"(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under NRS 38.045 and the party did not participate in the arbitration hearing without raising the objection.

"But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

"2. An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known."