KENNETH N. HURD, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 29880

February 26, 1998                    953 P.2d 270

*Robert E. Glennen, III,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert S. Beckett,* District Attorney and *Kirk Vitto,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

By the Court, SHEARING, J.:

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.

On June 21, 1995, appellant, Kenneth N. Hurd ("Hurd") was charged by way of criminal complaint with two counts of felony sexual assault, each count alleging the sexual assault of one of Hurd's daughters, ages five and three years. On July 13, 1995, with the assistance of counsel, Hurd waived his right to a preliminary hearing, and was bound over for trial.

On July 14, 1995, the state filed an information charging Hurd with two counts of felony sexual assault. In count one of the information, the state alleged that Hurd "willfully and unlawfully, subject[ed] . . . [his five year old daughter] to sexual penetration . . . by placing his penis in her vagina from the rear." The state alleged in count two that Hurd "willfully and unlawfully, subject[ed] . . . [his three year old daughter] to sexual penetration . . . by placing his finders [sic] into her vagina while bathing her."

On July 25, 1995, Hurd appeared with counsel and pleaded guilty, pursuant to plea negotiations and a written plea memorandum, to one count each of felony child abuse and felony lewdness with a minor under the age of fourteen, as charged in an amended information. In count one, the state alleged that Hurd committed felony child abuse by causing "unjustifiable physical pain or mental suffering resulting in substantial bodily harm to . . . [his five-year-old daughter], by touching her in a manner inappropriate for a father to touch his five-year-old daughter." In count two, the state alleged that Hurd committed felony lewdness with a minor under the age of fourteen years, when Hurd "commit[ted] a lewd act upon the body of . . . [his five-year-old daughter], by touching her exposed buttock with his penis."

At the time of Hurd's plea, the following colloquy occurred:

> THE COURT: Have you had an opportunity to go over [the counts on the amended information] now, Mr. Kuehn?
>
> MR. KUEHN [defense counsel]: We've reviewed the plea memorandum which we've signed and filed. I'm not sure if it should be an amended, or something.
>
> THE COURT: I'll add the word amended, because it does replace the one —
>
> MR. KUEHN: Mr. Hurd understands what we're going to be doing today and he's ready to proceed.
>
> THE COURT: How old are you?
>
> DEFENDANT: Thirty-five.
>
> THE COURT: What's the extent of your education?
>
> DEFENDANT: Twelve years.
>
> THE COURT: So, you can read and write the English language all right?
>
> DEFENDANT: Yes.

THE COURT: Have you ever been treated for a mental disorder?

DEFENDANT: No.

THE COURT: Are you under the influence of alcohol or drugs today?

DEFENDANT: No.

THE COURT: There's an Amended Information which charges you with two counts. One is child abuse, a felony, and Count II, lewdness with a minor under 14, a felony. Have you had an adequate opportunity to review those with Mr. Kuehn now?

DEFENDANT: Yes.

THE COURT: Are you prepared to enter a plea to those charges?

DEFENDANT: Yes.

THE COURT: To the charge of child abuse, a felony, what is your plea?

DEFENDANT: Guilty.

THE COURT: To the charge of lewdness with a minor under the age of 14, what is your plea?

DEFENDANT: Guilty.

THE COURT: I'm going to ask you a number of questions. If you'd like, you may sit down and be comfortable.

Did you, in fact, today, sign this memorandum dated today called Guilty Plea Memorandum? Did you sign that?

DEFENDANT: Yes.

THE COURT: And did you have adequate opportunity to go over that with Mr. Kuehn before you signed it?

DEFENDANT: Yes.

. . .

THE COURT: Are you satisfied with the help that both Mr. Kuehn and Mr. Mills have been able to give you?

DEFENDANT: Yes.

THE COURT: Are there any complaints about either lawyer?

DEFENDANT: No.

THE COURT: And you understand with regard to Count I, that you're exposing yourself to up to 20 years in the Nevada State Prison, and with Count II, you're exposing yourself to up to ten years in Nevada State Prison.

Do you understand that?

DEFENDANT: Yes.

THE COURT: And there could possibly be a fine with both of those. Has anyone promised you you'd get probation?

DEFENDANT: No.

THE COURT: Has anyone threatened or coerced you in any manner whatsoever?

DEFENDANT: No.

THE COURT: You're aware that you have the right to a speedy trial on the original charges. And the original charges were of a more serious nature than these charges and as a result of these negotiations, your exposure has been reduced down from at least one life sentence, as I recall, and I think perhaps two life sentences.

Now, you do have that right to a trial. If you did go to trial, the State would obviously try to prove the initial charges. And you won't be going to trial and you won't be given the opportunity to cross-examine the State's witnesses, you won't be given the opportunity to have Mr. Kuehn or Mr. Mills subpoena witnesses in your behalf. And when you plead guilty, you don't have the automatic right to appeal. About all you can do is come in here and allege that your plea is not being voluntarily made, or that Mr. Mills or Mr. Kuehn have been ineffective in helping you, but beyond that, there's not too much you can do after today. If I were to sentence you illegally, you could appeal that, or if you challenge the legality of some law, you could appeal that, or if the State didn't scrupulously follow this guilty plea memorandum you've entered today, you can appeal things like that, but normally, you don't have a right to appeal.

You're going to be a felon and as a felon there's going to be a number of problems that face you till you get your civil rights restored. . . . If you did have to go to trial, you don't have to take the stand and explain it. Your lawyer doesn't have to do anything. The State has to prove these charges and they have to prove each element of the charge beyond a reasonable doubt. And that's a heavy burden for them to meet. If they fail to prove any part of the crime, for example, it took place in this county, then you would be entitled to be acquitted of that charge.

So knowing your various rights, are you still desirous of pleading guilty?

DEFENDANT: Yes.

THE COURT: Are you pleading guilty because, in fact, there was an incident involving a minor that could be construed to be an abusive incident, is that what happened?

DEFENDANT: Yes.

THE COURT: Are you pleading guilty to the second charge because you did something with regard to a minor that was under the age of 14, that could well be construed to be a lewd act, is that true?

DEFENDANT: Yes.

THE COURT: Knowing all your various rights, do you still want to plead guilty?
DEFENDANT: Yes.

The district court accepted appellant's plea and subsequently sentenced him to a prison term of eight years for child abuse and a concurrent term of five years for lewdness. Appellant filed a post-conviction petition for a writ of habeas corpus on October 23, 1996, and on December 13, 1996, the district court denied the petition without an evidentiary hearing.

Hurd contends on appeal that his guilty plea was invalid because it was entered without a factual basis and without knowledge of the elements of the charged offenses. Specifically, Hurd argues that he was never informed what level of intent the state was required to prove with respect to each crime.

NRS 174.035 presently states, in part:

> If a plea of guilty is made in a written plea agreement, the agreement must be in substantially the form prescribed in NRS 174.063. If a plea of guilty or guilty but mentally ill is made orally, the court shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea. In addition, the court shall not accept a plea of guilty but mentally ill without complying with the provisions of NRS 174.041.

NRS 174.035(2).[1]

A defendant must enter a guilty plea with real notice of the true nature of the offense charged. Bryant v. State, 102 Nev. 268, 270, 721 P.2d 364, 366 (1986). The district court has wide latitude in fulfilling this requirement. Id. at 271, 721 P.2d at 367. This court does not consider only the technical sufficiency of a plea canvass to determine if a plea is valid; it reviews the entire record and looks to the totality of the facts and circumstances of a case. Id.

We conclude that Hurd's plea was valid because Hurd admitted to a factual basis in the plea memorandum, which adequately explained the elements of the charges[2] and the record as a whole

---

[1]NRS 174.035 was amended in 1995, and its amendatory provisions apply to plea agreements entered into on or after July 1, 1995. 1995 Nev. Stat., ch. 480, § 6 at 1536. Appellant entered into his initial plea agreement on July 13, 1995, and entered into an amended plea agreement on July 25, 1995, the date of his guilty plea.

[2]The Amended Plea Memorandum states, in part:

I, KENNETH HURD; [o]n or about or before May 25, 1995; [d]id then and there, willfully and unlawfully; [c]ause unjustifiable physical

shows that Hurd understood the elements of the charges and knowingly and voluntarily pleaded guilty.

Hurd further contends that his trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Claims asserted in a petition for post-conviction relief must be supported with specific factual allegations which, if true, would entitle the petitioner to relief. Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). A petitioner is not entitled to an evidentiary hearing if the factual allegations are belied or repelled by the record. Id. at 503, 686 P.2d at 225.

Hurd alleges that his attorney was ineffective because he did not have the reports of a medical examination of his two daughters before Hurd entered his guilty plea. The record reflects that the medical reports were not available before Hurd entered his guilty plea, but these reports were available before the sentencing hearing and were used by Hurds attorney to argue for probation. Whether the medical reports were available before or after the actual plea is irrelevant to the charge of ineffective assistance of counsel. According to all of Hurds statements before his plea was entered, the information in the medical reports was not a surprise to him. If Hurd truly believed that the information in the medical reports was relevant to his plea, Hurd could have moved to withdraw his plea at the sentencing hearing. However, because he pleaded guilty to child abuse and lewdness with a minor, not sexual assault, the fact that the medical records did not prove sexual penetration is irrelevant.

Hurd's other allegation regarding the ineffectiveness of his attorney is that the attorney did not investigate the child victims. It is impossible to know what the testimony of Hurd's daughters

---

pain or mental suffering resulting in substantial bodily harm to my natural daughter, MEGAN HURD (5 years of age); [a]t the residence shared by myself and my daughter located at 1321 East Pluto in Pahrump Township, Nye County, Nevada; [b]y touching her in a manner inappropriate for a father to touch his five-year-old daughter; [a]nd did commit an act or acts of open and gross lewdness upon the body of MEGAN HURD (5 years of age); [w]ith the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of myself or said child; [a]t the residence shared by myself and my daughter located at 1321 East Pluto in Pahrump Township, Nye County, Nevada; [b]y touching her exposed buttock with his penis.

I understand the nature of the charges against me, and I understand that by pleading guilty, I admit the facts which support all the above elements of the offenses to which I now agree to plead guilty.

would have been. However, in light of their young ages, it is questionable whether their testimony would have been determinative. The record does reveal that Hurd and his attorney had, in addition to the confession of Hurd, the admission of Hurd's wife that she knew Hurd was molesting the children. Hurd's wife's statements alone were sufficient to corroborate Hurd's numerous admissions. Also, although the records of the Division of Child and Family Services hearing were not before the trial court or this court, and therefore the evidence presented there cannot be considered, the fact that such a hearing took place which resulted in the children's removal from Hurd's home is in the record.[3] The inference can certainly be drawn that both Hurd and his attorney were aware of evidence of some kind of child abuse at that hearing. To suggest now that Hurd's attorney knew of no evidence which would have proved the charges of lewdness and child abuse, and therefore, should not have allowed his client to plead guilty is disingenuous at best.

In view of all these facts, the advice of counsel to plead guilty to the lesser charges of lewdness with a minor and child abuse was certainly appropriate within the Strickland standard. The thrust of Hurd's attorney's argument at both the plea hearing and the sentencing hearing was that Hurd had a psychological problem and that he was dealing with it effectively. Hurd's counsel's advice to Hurd that he seek counseling and argue for probation, certainly appears to meet the *Strickland* standard.[4]

Therefore, we conclude that the claims alleged in Hurd's petition were either not supported with specific factual allegations or they were repelled by the record. Accordingly, we affirm the order of the district court denying Hurd's petition for writ of habeas corpus.[5]

---

[3]Both parties refer to evidence allegedly presented at a Division of Child and Family Services (DCFS) hearing, yet neither party provided this court with any record of that hearing. On March 26, 1997, Hurd filed a motion to strike the state's fast track response for referring to evidence not included in the record on appeal, primarily this alleged DCFS evidence. First, neither party should have referred to or appended such evidence to its appellate brief if that evidence was not part of the record before the district court. See Smithart v. State, 86 Nev. 925, 930, 478 P.2d 576, 580 (1970). Second, this court did not consider the facts alleged by either party, which had no foundation in the record on appeal. See Sparks v. State, 96 Nev. 26, 29, 604 P.2d 802, 804 (1980). Given our disposition of this appeal, we deny as moot Hurd's motion to strike.

[4]Hurd's remaining claims regarding the effectiveness of counsel also lack sufficient specificity to warrant an evidentiary hearing.

[5]We note that attorney Harold Kuehn represented appellant at the plea canvass. At all other times during the proceedings below, appellant was represented by attorney Lamond R. Mills.

Rose and Maupin, JJ., concur.

Young, J., with whom Springer, C. J., joins, dissenting:

The record before this court in this case is troubling. It is inadequate to repel all of Hurd's allegations of ineffective assistance of counsel. Even more troubling is that the majority, instead of remanding for an evidentiary hearing to confirm or disprove these allegations, has chosen to overlook the inadequate record, disregard the relevant standard of review, and base its affirmance on inferences and unsupported allegations rather than established facts.

The state declares in its brief to this court that it cannot provide "a statement of the facts in the traditional sense" because no preliminary hearing, no trial, and no evidentiary hearing were ever held in this case. It goes on to tell us that the "only avenue available" for it to provide a statement of the facts "is to allude to the police reports and Division of Child and Family Services (DCFS) hearing" which Hurd referred to in his statement of facts. "With all necessary apologies to this Court, the State offers the following recitation which contains no citations, as there is nothing to cite to." The state then lays forth more than two pages of allegations without identifying how they can be verified. Many of the allegations are based on hearsay, and it is unclear which, if any, were known to Hurd's trial counsel or presented to the district court.

The state complains that it has nothing to cite to, as if it is a victim of circumstance. The state, however, is responsible for requesting necessary transcripts and appending file-stamped copies of relevant papers to its brief to this court. NRAP 3C(d)(4) and (f)(2). Apologies and allusions do not suffice for failing to meet this responsibility.

Thus, the state's brief is based largely on "facts" which are not in the record. This court cannot consider facts outside the record, and facts in the briefs of counsel do not compensate for deficiencies in the record. Jernigan v. Sheriff, 86 Nev. 387, 469 P.2d 64 (1970). The majority cites this rule of law, notes that evidence allegedly presented at the DCFS hearing is not in the record, and declares that such evidence "cannot be considered." In the next breath, the majority nevertheless decides that "[t]he inference can certainly be drawn that both Hurd and his attorney were aware of evidence of some kind of child abuse at that hearing." No, it cannot. This court cannot consider facts outside the record. Even less can it rely on inferences drawn from facts outside the record.

The majority refers to "numerous admissions" by Hurd and "the admission of Hurd's wife that she knew Hurd was molesting

the children." These "facts" are also not in the record. Again, the state asserts in its brief that Hurd and his wife made admissions, but it provides no basis to verify the assertion, and the content and circumstances of the alleged admissions are not even clearly alleged.

Hurd alleges that his daughters never made any statements which incriminated him, and the state admitted at the fast track hearing on this case that it knew of no such statements. Hurd therefore argues that his trial attorney was ineffective in failing to investigate the children before advising him to plead guilty. The majority dispenses with this argument by proclaiming that "in light of their young ages, it is questionable whether [the daughters'] testimony would have been determinative." Yes, this matter is questionable—and such questions require an evidentiary hearing in the district court, not speculation by this court.

Hurd also alleges that his trial attorney advised him to plead guilty before receiving medical reports on Hurd's daughters. These reports showed no evidence of sexual assault. The majority concludes that "the fact that the medical records did not prove sexual penetration is irrelevant" because Hurd "pleaded guilty to child abuse and lewdness with a minor, not sexual assault." This reasoning is specious. It overlooks the fact that Hurd faced two counts of sexual assault when he agreed to plead guilty to the lesser offenses; therefore, medical reports which failed to support sexual assault would have been highly relevant to those plea negotiations.

Relying on assertions unsupported by the record, speculation, and unsound reasoning, the majority concludes that the advice of Hurd's counsel to plead guilty was appropriate.

The proper standard for this court's review is set forth in Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). A person seeking post-conviction relief must support any claims with specific factual allegations that if true would entitle him or her to relief. *Id.* at 502, 686 P.2d at 225. The person is not entitled to an evidentiary hearing if the factual allegations are belied or repelled by the record. *Id.* at 503, 686 P.2d at 225.

Hurd has made two claims which are specific and not repelled by the record. Hurd asserts that before he entered his guilty plea, his trial counsel failed to obtain medical reports which showed that his daughters exhibited no physical evidence of sexual abuse. Hurd also claims that his counsel failed to investigate his children, neither of whom made any statements of wrongdoing on his part. If true, such failures may fall below an objective standard of reasonable performance under Strickland v. Washington, 466 U.S. 668 (1984), and may have prejudiced Hurd because—in the record before this court—there is little evidence that Hurd com-

mitted the offenses. Absent such evidence, advice by counsel to plead guilty appears unreasonable.

The state's slipshod work in drafting the charges set forth in the amended information and plea memorandum and the district court's cursory canvass of Hurd regarding the factual basis for the charges only reinforce the need to remand this case. The district court's denial of Hurd's petition without a hearing and without explanation provides no basis for this court to assume that Hurd's claims have been properly considered.

Therefore, we should remand this case to the district court for an evidentiary hearing to determine whether Hurd's claims have any merit.